JACKSON, *ex dem*. CORNELIA LIVINGSTON and others,
*against* EDWARDS.

*Where the tenant of the lessors, in an action of ejectment, defended a former ejectment brought against him, but failed, and had judgment against him for costs, and was turned out of possession upon an hab. fac. possessionem, and the same lessors afterwards brought ejectment against the lessor of the plaintiff in the first suit, for the same premises, and upon the same title ; the court ordered the proceedings in the second action to stay, until the costs of the first were paid. And this will be done, altho' one of the lessors in the second action had not demised to the defendant in the first. Thus, where E brought ejectment against B, who held as tenant of others, upon which E had judgment, and turned B out of possession: in ejectment, by C and those others, for the same premises, against E, proceedings were ordered to stay till E's costs of the first suit should be paid.*

EJECTMENT, for *lot* No. 23, in *L.* and *Z.'s* Patent, *Schoharie.*

In 1820, *Edwards*, the defendant, brought ejectment, on his own demise, for the same lot, against *Christian 'Brown*, recovered judgment, with $129,86 costs, which remain unpaid, and had a writ of possession executed, by virtue whereof he is in possession. *Brown*, the defendant in that suit, set up title in the present lessors of the plaintiff, shewed that he entered on the lot, held it as their tenant, and the now lessors are prosecuting upon the same title under which *Brown* defended. The lessors claim, as heirs at law of *Philip Livingston.* It was not disputed that the same title was in question before, but it was denied, by affidavit, that *Brown* defended as tenant to *Cornelia Livingston*, one of the present lessors, though it was not denied that he stood and defended upon his relation of tenant to the other lessors.

·*I. Seelye*, moved that all procedings, on the part of the plaintiff, be staid, till the costs of the first suit were paid. He cited *Runnington*, 419-20.

*H. Hamilton*, contra, was not aware that the rule, author-
izing a stay of proceedings, till the costs of a former suit is
paid, extended to this case. He supposed that, in ejectment,
it was confined to a second action by the same lessors, after
judgment against them in the first. Besides, here is a change
of parties, as appears by the record itself.

*D. Cady*, (same side) added that no *legal* claim existed
against the lessors for these costs.     They were not subject
to be proceeded against, for them, in any form ; which
distinguished this case still farther from the ordinary one of
a second action for the same cause.(*a*)    Nor was it preten-
ded that these lessors defended through their tenant.

*Curia.*    It appeared, on the former trial, that *Brown* was
tenant to all the lessors in this action, except *Cornelia Living-
ston.* The other lessors are the heirs at law of *Philip Living-
ston.* They are to be retained, and the trial of this cause is to
be on the same title.    Being in relation to the same title, and
the same premises which were formerly recovered against
the title of these very lessors, the change, by introducing
the name of *Cornelia Livingston*, cannot render it an ex-
ception to the general rule, as laid down in the books of
practice, that where the same title to the same premises is
drawn in question in the second suit, between parties or pri-
vies to the first, the Court will order a payment of the costs
of the first suit, before they will suffer the second to pro-
ceed.(*b*)

Motion granted.

(*a*) But, in *Smith* v. *Barnardiston*, (*W. Bl. Rep.* 904) this was done
on the ground that the lessor of the plaintiff had proceeded vexatiously,
though he was not liable to the costs of the first action, under the English
rule.

(*b*) Vid. *Tidd*, 479-80.  6 *T. R.* 228, 740.  8 *T. R.* 645.   *Dunl. Pr.*
1025-6, *and the cases there cited.*   *Str.* 1152.