UTICA,
Aug. 1824.

Jackson
v.
Carpenter.

On moving to set aside proceedings against an attorney, for irregularity, because they were as against a common person, the attorney need not state in his affidavit that he was a *practising* attorney, &c.

But it is enough that he swear he was an attorney, which throws it upon the other party to shew that he had not practised within the year.

## COLT *against* GREGORY.

E. GRIFFIN, moved to set aside the judgment against the defendant, and all subsequent proceedings; and he read an affidavit of the defendant, stating, that " at the time of issuing the *capias ad respondendum* in this cause, and for a long time before, and ever since, he has been and still is an attorney and counsellor of this Court.'' The affidavit then set forth that a capias had been served on the defendant, but without serving any other papers, either on him or his agent ; that the plaintiff's attorney had treated him as a common person, and proceeded to judgment.

*Ostram*, objected that the affidavit did not state that he was a *practising* attorney at the time of the suit brought.

*Curia.* This was not necessary. He swears that he was *an attorney and counsellor*, and this is sufficient, *prima facie*, to show that he had practised within the year. If otherwise, it lay with the plaintiff to shew it.

Motion granted.

---

## JACKSON, *ex dem.* ALLEN and others, *against* CARPENTER.

Proceedings stayed till the costs paid, in a suit for the same cause in the circuit court of the United States.

J. LYNCH, for the defendant, moved to stay proceedings in this cause, until the lessors of the plaintiff had paid certain costs incurred by the one under whom the defendant is in possession, in prosecuting an action of ejectment against the tenant of the lessors, for the same premises, in the *United States* District Court of the Northern District of *New-York*, wherein the title of the present lessors was in question through their tenant, and wherein the plaintiff succeeded. He insisted that this came within the case of *Jackson* v. *Edwards.* (1 *Cowen's Rep.* 138.)

*B. F. Butler*, among other grounds of opposition to the motion, mentioned that the first suit was in a Court proceeding under the constitution and laws of the *United States*, and submitted whether, being under another goverment than that under which this Court acts, they would so far notice the proceeding there as to interfere in this manner; but he did not much insist upon that ground.

*Lynch*, in reply, cited *Perkins* v. *Hinman*, (19 *John.* 237) where this Court stayed the proceedings in a suit here for the same cause as one which had before been brought in the Common Pleas, till the costs of the first were paid.

*The Court*, without assigning their reasons on this point, granted the motion.

Motion granted.

UTICA,
Aug. 1824.

Fox
v.
Smith.

---

## Fox *against* Smith.

E. Griffin, for the defendant, moved to set aside the verdict in this cause, which was rendered for the plaintiff at the last *Jefferson* Circuit, under the following circumstances: The trial not being closed till evening, it was agreed by the counsel for the parties, that the jury might bring in their verdict sealed the next morning, which was accordingly done. On the jury coming into the box the next morning, and presenting their verdict sealed, the defendant's counsel requested of the Judge to have the jury polled, which he denied, and the verdict was recorded.

The jury may be polled at any time before the verdict is recorded, at the instance of either party, whether it be a sealed or oral verdict.

*C. P. Kirkland*, contra, said he found nothing in the English cases which authorized the polling of a jury under any circumstances. If the right arises from the nature and constitution of juries, and because the party has a right to see that it is the separate verdict of each as well as that of the whole, here he has the proper evidence of that by an arrangement to which he was a party, by which the jurors *each* affix their hand. In the case of *Root* v. *Sherwood*, (6 *John.*