Thompson, Justice,
 

 delivered the opinion of the court. — This case comes before the court upon a writ of error to the circuit court of the district of Columbia. The action is covenant, on a charter-party, dated the 15th of July 1820, by which the plaintiffs in the court below let and hired to the defendant, the brig James Monroe, to proceed from Bath, in the state or Maine, to Havana, thence to Mobile, or elsewhere, as the defendant might direct, for the term of twelve months, from the 7th day of the said month of July ; at and after the rate of $425 per month. And the plaintiffs cove-*1471 nante^ on Pal't> that the brig should be *tight, stiff, staunch and J strong, well-victualled and manned, at their expense, during that period (the dangers of the seas excepted). And the defendant, on his part,
 
 *95
 
 covenanted, among other things, to pay to the plaintiffs for the hire of the brig, $425 each and every month during the said term, in manner following, to wit, $600 on the arrival of the brig at Havana ; and then $600, from time to time, as often as the charter of the brig should amount to that sum ; that is to say, when the said brig earns $600 at the rate of the charter-party ; to be paid in Spanish dollars, in the United States, or in good and approved bills.
 

 The declaration, after setting out the covenants, averring performance on the part of the plaintiffs, &e., in the usual form, avers, that the brig was taken into service by the defendant, on the said 7th of July 1820, and sailed, on the 16th of the same month, from Bath to Havana, where she arrived, and continued under the control and in the employment of the defendant, under said charter-party, till the 20th of January then next; when, in the prosecution of a voyage, under the direction of the defendant, she was totally lost by the perils of the sea. That the brig, at the time of her loss, had earned the sum of $2734.17, for her hire and affreightment, from the 7th of July 1820, to the 20th of January 1821 ; which sum, or any part thereof, the defendant had refused to pay, in any of the modes stipulated in the charter-party.
 

 The defendant pleaded four several pleas. The first of which, and the only one upon which issue is taken, is as follows : “And the said John W. Simonton, by his attorneys, comes and defends the wrong and injury when, &c., and craves
 
 oyer
 
 of the said articles of agreement of charter-party in the said declaration mentioned, and they are road to him in these words, &c. ; which being read and heard, the defendant says, as to the said breach of covenant in the said declaration assigned, that the said plaintiffs ought not to have or maintain their action aforesaid against him, because he says, that the said defendant hath paid to the said plaintiffs all and every such sums of money as were become due and paj'able from the said defendant, according to the tenor and effect, true intent and ^'meaning, of the said articles of agreement; and of this he puts himself upon the country, L &c.” The plaintiffs demurred to the three other pleas; upon which the court gave judgment for them.
 

 The question now to be decided arises upon a bill of exceptions taken at the trial. It was admitted on the part of the plaintiffs, that the defendant had paid $210 on account of the charter-party
 
 ;
 
 and thereupon, without giving any evidence, the plaintiffs prayed the court to instruct the jury as follows : The plaintiffs insist before the. jury, under the issue of fact joined in this cause, that the plea is no traverse of any averment in the declaration, necessary to establish the primary obligation to pay what it therein demanded, nor imposes on the plaintiffs any necessity ; in supporting the issue on their part above joined, to prove any averment in their declaration ; but that the whole onusprobandi, under the affirmative plea of payment, is on the defendant, to prove such payment as he has alleged ; and the plaintiffs pray the court to instruct the jury accordingly : which instruction the court gave, being of opinion, and so expressing it to the jury, that upon the issue joined in this case, the defendant had assumed upon himself the burden of proving that he had paid the hire of said vessel, for the time stated in the declaration, at the rate of $425 per month. To which instruction, the defendant excepted.
 

 The only question arising upon this bill of exceptions is, whether the
 
 *96
 
 defendant, by his plea, has admitted the cause of action as alleged in the declaration, so as to dispense with any proof on the part of the plaintiffs to establish such cause of action. The instruction given by the court to the jury was, that the defendant had, by his plea of payment, admitted the demand of the plaintiffs, as stated in the declaration. The general rule, undoubtedly, is, that when an issue is properly joined, he who asserts the affirmative must prove it; and if the defendant, by his plea, confesses and avoids the count, he admits the facts stated in the count.
 
 [1]
 
 But these rules do not apply to this case. The answer of the defendant is not to the allegation in the declaration ; there is no issue properly joined. The plea *iaai mus^ not °nly be adapted to the nature and *form of the action, but •1 must also be conformable to the count. An issue is a single, certain and material point, arising out of the allegations or pleadings of the parties, and generally, should’ be made up by an affirmative and negative. The breach assigned in this declaration is special; the non-payment of a certain sum of money, for particular and specified services, alleged to have been rendered. If the plea had been payment of the sums of money demanded in the declaration, it would confess and avoid the count, and the affirmative would rest upon the defendant to prove payment. But the plea, instead of alleging payment of the sum demanded in the declaration, alleges generally, that the defendant had paid all such sums of money as were become due and payable from the defendant, according to the tenor and effect, true intent and meaning, of the said articles of agreement. This does not meet the allegation or breach in the declaration, or amount to an admission that the brig had earned the sum demanded, so as to dispense with the necessity of the plaintiff’s proving it. The plea is certainly bad; it amounts to a general plea of performance, when the declaration contains an assignment of a particular breach. This cannot be done; the defendant was bound to meet the allegation of the particular breach. Issue cannot be taken on a general plea of performance ; and the plaintiff, if driven to reply, would be obliged to repeat his declaration. When a particular breach is assigned, the defendant has an affirmative offered upon which he may take issue. 2 Johns. 413 ; Arch. Plead. 233, and cases there cited.
 

 If this matter is not well pleaded, and is no answer to the breach assigned in the declaration, it cannot be considered an admission of the cause of action stated in the declaration. Suppose, the plaintiff had demurred to this plea, and the court had given judgment for him upon the demurrer, a jury would have been necessary to assess the damages. The court could not have given judgment for the damages claimed in the declaration. Nor would the plea be evidence upon which the jury could assess the damages. This would be treating that as an admission of the demand, which the court had said was no answer to the allegation in the declaration. The plea being considered a nullity, the case would stand as if no plea had been put in, and the plaint-*1501 wou^ ^e bound to prove their *cause of action. Or, if the -* plaintiff, instead of going to trial, had treated the plea as no answer to the declaration, and taken judgment as by
 
 nil dicit,
 
 the damages must have been assessed by a jury, and the plaintiffs would have been bound to prove their cause of action. This general plea of payment of all that was
 
 *97
 
 due, amounts to no more than averring that nothing was due. Had the action
 
 been
 
 upon a
 
 bond, or
 
 other instrument for the payment of money, the instrument itself would show what was due. But this is an action of covenant, sounding in damages, and such damages depend upon matter
 
 dehors
 
 the instrument declared on, and must be ascertained by proof
 
 aliunde.
 
 It is laid down in the books, that although the object of the action of covenant is the recovery of a money demand, the distinction between the terms damages, and money
 
 in numero,
 
 is material to be attended to. Chit. Plead. 113. The court, therefore, erred in the instruction given to the jury, that it was not necessary for the plaintiffs to prove any of the averments in their declaration.
 

 It is not deemed necessary to express any definitive opinion upon the validity of the pleas to which the plaintiffs have demurred. It may not be amiss, however, to intimate that, had it become material to decide those points, it is probable, the judgment of the court below, upon the demurrers, would be sustained.
 

 The judgment of the circuit court must be reversed, and the causo remanded, with directions to issue a
 
 venire facias de novo.
 

 This cause came on to be heard, on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel: On consideration whereof, it is considered, ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby reversed, and that this cause be and the same is hereby remanded to the said circuit court, with directions to award a
 
 venire facias de novo.
 

 [1]
 

 The Bella, 6 Ben. 287.