SAXTON and wife *vs.* STOWELL, ERNST and others.

THE SAME *vs.* STOWELL, CRAFTS and others.

The court of chancery is not authorized to strike a solicitor from the rolls, under the provisions of the revised statutes, upon motion, without the filing of regular charges against him, and obtaining a previous order of the court, for him to show cause why he should not be stricken from the roll of solicitors.

It is irregular to serve a subpœna in a cause before the bill has been filed. And where the subpœna served on the defendant, is one which has been issued and used in another suit, and has been altered and again used without the authority of the court, the proceedings will be set aside.

Where the complainant enters a common order for the absolute dismissal of his bill with costs, without the previous permission of the court before which the suit is pending, such order is irregular. And the defendant may apply to set it aside upon that ground ; or he may treat it as regular, and proceed to collect his costs by execution.

The proper course for a complainant, where the suit is in a situation to be discontinued by him, is to enter a conditional order, to dismiss his bill upon payment of costs. In such case, he cannot bring a new suit, for the same matter, until he has paid the costs of the former suit, or at least until he has tendered them ; and if he does so, the pendency of the former suit may be set up as a defence in such new suit.

THIS was an application to set aside the proceedings of the complainants in these causes, for irregularity, or to stay the proceedings therein, until the costs of a former suit, for the same matter, should be paid ; and also for an order to strike the solicitor of the complainants from the roll of solicitors, for misconduct in relation to the proceedings in these suits.

*Willard Crafts*, for the motion.

*L. J. Walworth,* for the complainants.

THE CHANCELLOR. The question whether Saxton, the solicitor in these causes, should be stricken from the rolls, cannot be disposed of upon this application. The statute requires that charges shall be first filed against him, and a copy thereof served. The proper course of proceedings, in such cases, is to file

Saxton v. Stowell.

written charges against the solicitor who is accused of mal-practice, accompanied by affidavits supporting the charges ; and then to apply, ex parte, to obtain an order from the court, that the accused show cause, at a time to be specified in such order, why he should not be stricken from the rolls. And a certified copy of the charges, and of such order to show cause, should be served upon the accused solicitor, such length of time before the day appointed for showing cause as the court has, in and by such order, directed. (1 *R. S.* 109, § 30.)

As to the regularity of the proceedings of the complainants' solicitor in these suits, it is evident that the subpœna, tested the 30th of January, and annexed to the affidavit of the solicitor in the first of the above entitled causes, is not the subpœna which was actually served upon some of the defendants in that suit, and which was served upon all the defendants, except Crafts and Cook, before the bill was filed. (2 *R. S.* 179, § 76 [70.]) I am also satisfied that the subpœna fraudulently annexed to the affidavit of Windsor, the sheriff, as the one which he had served, was a subpœna that had been issued on the 8th of November 1842, in a suit against Ernst only. The service of the subpœna in the first cause was therefore irregular, as to all the defendants in the first of the above causes. And the service of that subpœna, and all subsequent proceedings thereon, must be set aside for irregularity, except as to the defendant C. Cook, who does not join in this application ; with costs to be taxed, and to be paid by L. C. Saxton, one of the complainants.

Whether there was any irregularity in the service of the subpœnas in the second cause, in which Ernst is not a party, does not distinctly appear ; although from the alterations in the subpœna annexed to the affidavit in that suit, there is reason for supposing that it is the same subpœna which was originally served upon most of the defendants in the first of the above causes, in which Ernst was a party. However this may be, I am satisfied that the complainants ought not to be permitted to proceed further in either of these suits, until the costs of the defendants in a former suit, which was referred to the vice chancellor to be heard and decided, shall have been paid.

Saxton *v.* Stowell.

Where a complainant enters a common order, to dismiss his bill upon payment of costs, the order is conditional. And if he commences another suit before such costs are paid, or at least before payment thereof has been tendered, the pendency of the former suit may be pleaded in abatement of such new suit. (*Simpson* v. *Brewster,* 9 *Paige's Rep.* 246.) But where, as in this case, the complainant enters an absolute order to dismiss his bill, with costs to be paid to the defendants, the defendants may treat it as a valid decree, and may proceed to collect their costs thereon, as if such decree had been entered by order of the court; or they may treat it as irregularly entered, and may apply and have it set aside on that ground. Here the complainants have entered an absolute order that their bill, in the suit which was referred to the vice chancellor, be dismissed; and that the complainants pay to the defendants their costs in that suit, to be taxed. And it is evident, from the affidavits and other papers before me, that the subject matters of these new suits, when taken together, embrace the same objects for which the former suit was commenced; although these new suits may also include something more. The defendants are therefore entitled to an order that all the proceedings on the part of the complainants, in both of these causes, be stayed; until the costs of the former suit before the vice chancellor of the fifth circuit, and also the taxable costs of the defendants upon this motion, shall have been paid; provided such costs shall be taxed, and copies of the taxed bills served on the solicitor of the complainants, within thirty days after the entry of the order upon this decision.

The defendants' solicitor is also to be at liberty to file formal charges against the solicitor for the complainants, in relation to the alteration of the subpœnas annexed to his affidavit, and to the affidavit of the sheriff; stating therein the grounds of such charges against the solicitor, for malpractice, or other offences in relation to the proceedings in these suits; and to apply, ex parte, for the usual order thereon, for the solicitor of the complainants to show cause why he should not be stricken from the rolls. Or the solicitor for the defendants, in these suits, may have per-

mission to lay these original affidavits before the grand jury of the county of Otsego. And the register, upon the application of the district attorney of that county, is at liberty to transmit such affidavits to him for that purpose.

Order accordingly.