Mr. Justice Clayton
delivered the opinion of the court.
This was an action of covenant, brought by the defendant in error, upon an agreement for the sale of a tract of land. The agreement was in the form of a penal bond, and the condition recited “ That Winn was to pay for the land $400 in cash, to give his note to Skipwith for $400, and to pay two several notes given by Skipwith to the American Land Company, for said tract of land, which notes are now due and unpaid.” The amount of these notes is not stated in the agreement. The declaration avers their amount to have been $5000, and that they had not been paid by the defendant. The plea alleges, by way of defence, “ That the defendant had kept his covenant in this, that he well and truly paid oif said two several notes in the plaintiff’s declaration, mentioned according to the form and effect of said indenture or obligation.” Upon the trial, the only evidence introduced by the plaintiff, was the covenant; the defendant offered no testimony. The jury found a verdict, upon this state of facts, for the plaintiff for $5000. There was a motion,for a new trial, because the verdict was contrary to the law and evidence. The motion was overruled, and the case thence comes by writ of error to this court.
The proper effect of the plea, and the extent to which it goes, must determine the correctness of the judgment. In this action, *16 there is no general issue, and the defendant must plead specially, performance of the covenant, or excuse of performance, or matter of discharge. 1 Chitty, 487; 1 Tidd, Pr. 593; Roosevelt v. Heirs of Fulton, 7 Cowen, 74. The plea was not entirely correct in point of form, and would probably have been held bad on demurrer; but it is aided by the verdict, and rendered valid to support the judgment. Saunders on Pl. & Ev. 494.
Then what does this plea put in issue? Not the execution of the instrument; for that is admitted, when not denied. It puts in issue only the performance of the covenant, as stated in the declaration, and the burthen of proof is on the party pleading it. The general rule undoubtedly is, “ That he who asserts the affirmative, must prove it, and that if the defendant confesses and avoids the count, he admits the facts stated in the count.” Simonton v. Winter et al., 5 Peters, 148.
In this instance, the defendant failed to support his plea by proof, and the jury having found against him, there is no ground for reversal.
Judgment affirmed.