BERNHARD VETTERLEIN, APPELLANT, *v.* DEMAS BARNES, AS ASSIGNEE, ETC., RESPONDENT.

*Order staying proceeding until costs awarded in a prior litigation are paid—not granted unless the parties and the cause of action are the same.*

The plaintiff, together with Theodore H. Vetterlein, as partners, commenced an action against the defendant, which terminated in a judgment for the defendant for costs, no part of which has been paid. Thereafter the plaintiff commenced this action for the same cause of action as in the former case, but against the defendant as an assignee.

Upon an appeal from an order, made at a Special Term, staying all proceedings in this action until the payment of the costs adjudged against the plaintiff in the former action:

*Held*, that the order should be reversed as the parties to the two actions were different, and the defendant in this action, as assignee, was an entire stranger to the other litigation.

APPEAL from an order, made at the Kings county Special Term, staying all proceedings in this action until payment of the costs of a former action, for which a judgment had been entered therein in favor of the defendant individually.

*Roger M. Sherman*, for the appellant.

*J. A. Shoudy*, for the respondent.

PRATT J.:

The plaintiff, together with Theodore H. Vetterlein, as partners, commenced an action against the defendant, which terminated in a judgment for the defendant for costs, no part of which has been paid. Therefore, plaintiff commenced this action for the same cause of action as in the former case, but against the defendant as assignee.

On motion of the defendant, an order was made at Special Term staying all proceedings in this action until the payment of the costs adjudged against the plaintiff in the former case. It is a general rule in equity that a party having brought his adversary into court once by a cause of action, shall not be permitted to implead him again without paying the costs of the first unsuccessful proceeding. But this rule is only applied where the parties and the cause of action are the same. This is a suit between different parties. The defendant, as assignee, is an entire stranger to the litigation in the

first suit. It is true that where the same title is drawn in question in the second action between the parties or privies to the first, the court will order a payment of costs of the first suit before they will suffer the second to proceed. (*Jackson* v. *Edwards*, 1 Cow., 138; *Richardson* v. *White*, 27 How., 155.) But these cases are not analogous to the present case. It would be manifestly unjust to permit the same title to be litigated twice by the same parties or their privies; but where another defendant is sued, it presents an entirely different case.

The first action was against the defendant personally. This action seeks relief against a bankrupt estate only. As assignee in bankruptcy, the defendant is a stranger to the former proceeding and judgment, and has no interest in enforcing the payment of costs to himself individually. The case stands precisely the same as if the plaintiff had sued another and entirely different person from the one named in the first suit. No precedent is cited laying down the principle upon which this order is based, and we see no reason in equity for the granting of such a motion.

Order reversed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order staying proceedings reversed, with costs and disbursements.