# *Ex parte* Shear.

*Application for Mandamus to Circuit Court, to vacate Order for payment of Costs.*

1. *Second ejectment suit; payment of costs of first suit.*—One judgment in ejectment not being conclusive (Code, § 2714), the unsuccessful plaintiff may maintain a second action for the same premises; but he will be required to pay the costs of the first suit, as a condition to the prosecution of the second, and his poverty is no excuse for the failure to pay.

APPEAL from the Circuit Court of Calhoun.

This is a motion made by Lillie V. Shear for a *mandamus*, or other remedial writ, against Hon. LEROY F. Box, Judge of the 7th Judicial Circuit, to require him to vacate an order rendered in the case of *Lillie V. Shear v. Woodstock Iron Company*, in the Circuit Court of Calhoun County, requiring

[Ex parte Shear.]

plaintiff to pay the costs of former suit in ejectment between the same parties, and relative to the same subject-matter, before proceeding further with this second suit.

Upon the bringing of the second suit of ejectment by said Lillie V. Shear against the Woodstock Iron Company, the defendant moved the court for an order that the plaintiff should pay the costs of the first suit, as a condition precedent to the maintaining of the second suit. It was shown in support of this order, that the said Lillie V. Shear had brought a former suit against the Woodstock Iron Company, and that in said former suit of ejectment judgment was rendered for the defendant, and the execution for the costs of said suit was returned "no property found." These facts were admitted by the plaintiff, but her husband and she testified that they were very poor, and had nothing with which to pay the costs of the former suit. The court thereupon granted the motion of the defendant, and ordered accordingly; to which order the plaintiff duly excepted; and she now asks for *mandamus*, or other remedial writ, to compel the presiding Judge to vacate this order, and proceed with the trial of the second suit.

BROTHERS, WILLETT & WILLETT, for petitioner.—(1.) In Alabama, two actions of ejectment can be maintained between the same parties upon the same title.—*Jones v. De Graffenreid*, 60 Ala. 145; *Gibson v. Lyon*, 115 U. S. 439. (2.) To refuse to allow petitioner to proceed in second action of ejectment would be an infringement upon the right guaranteed to her under the Constitution of Alabama.—Const., Art. I, § 14; *Lassiter v. Lee*, 68 Ala. 287.

KNOX & BOWIE, *contra*.—1. At common law, a plaintiff can not maintain a second action of ejectment without paying the costs of the first action, when the question involved is the same, and the parties are the same.—Tyler on Ejectment, 596; Tidd's Practice, *1232; *Perkins v. Hinman*, 19 Johnson 237; *Hurst's Lessee v. Jones*, 4 Dallas 353; Anonymous, 16 N. J. Law, 415; *Swing v. Inhabitants*, 5 Halstead 59; *Dew v. Thompson*, 14 N. J. Law 193; *Ex parte Stone*, 3 Cowen 380; *Jackson v. Miller*, 3 Cowen 57; *Jackson v. Carpenter*, 3 Cowen 22; *Sexton v. Stowell*, 11 Paige 526; *Kerr v. Davis*, 7 Paige 53; *Taylor v. Vandervoort*, 9 Wendell 449; *Jackson v. Edwards*, 1 Cowen 138; *Cayler v. Vandewert*, 1 Johnson Cases 247; *Barton v. Speis*, 73 N. Y. 133. 2. The same rule has always been followed and applied in England. 2 Jacob's Fisher's Digest, Title "Costs," section 9, subdivision 4; also 3 Jacob's Fisher's Digest, Title Ejectment, section 4.

[Ex parte Shear.]

3. This rule is not changed, nor is there an exception thereto, because the plaintiff is insolvent and has nothing with which to pay the costs of the suit.—Anonymous, 16 N. J. Law. 415; *Standish v. Rome.* 2 M. & M. 468; 3 Jacob's Fisher's Digest, 4502. Nor does section 2714 of the Code of 1886 change this rule.

STONE, C. J.—In England, the doctrine of former recovery, in its general extent, does not apply to the somewhat anomalous action of ejectment. In that country, any number of actions could be brought consecutively, and, in the absence of exceptional circumstances, one recovery was no bar to a second suit. It was only when chancery intervened to prevent oppression, that the prosecution of continued suits could be arrested. With us, this question is partially regulated by statute.—Code of 1886, § 2714.

To prevent an abuse of this power to oppress tenants in possession by irresponsible suitors, it was long ago settled in England, that if plaintiff, having failed in one action of ejectment, instituted a second suit without paying the costs adjudged against him in the first, the second suit, on motion, would be stayed, until the costs of the first were paid.—2 Tidd's Practice, 1233 ; Tyler on Ejectment, 596. And this practice has been largely maintained in the United States—*Cuyler v. Vanderwerk,* 1 John. Ca. 247 ; *Perkins v. Hinman,* 19 Johns. Rep. 257; *Jackson v. Edwards,* 1 Cow. 138 ; *Jackson v. Carpenter,* 3 Cow. 22; *Jackson v. Miller, Id.* 57; *Ex parte Stone, Id.* 380 ; *Barton v. Speis,* 73 N. Y. 133 ; *Taylor v. Vandervoort,* 9 Wend. 449 ; *Kerr v. Davis,* 7 Paige, 53 ; *Saxton v. Stowell,* 11 Paige, 526 ; *Swing's Case,* 5 Halst. 58 ; *Den v. Thompson,* 14 N. J. Law, 193 ; *Anon.,* 16 N. J. Law, 415.

It is contended for petitioner that the ruling of the Circuit Court was a denial to her of her right, guaranteed by the Constitution of this State, Art. I, § 14, which ordains "that every person, for any injury done him in his lands, goods, person, reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."

We think this too broad an interpretation of the Constitutional guaranty. To so hold, would be to deny the right and power of the courts to impose terms as a condition of setting aside a default or nonsuit, or as a condition of allowing an amendment or continuance. Many other categories frequently present themselves before the courts, in which the right to impose terms as a condition of the relief prayed is essential to the just and fair administration of the law. We

[Prestwood v. Borland.]

do not think such action is in the slightest degree an infringement of the constitutional principle invoked. While awarding justice "without sale, denial, or delay," courts should see to it that equal justice is accorded to the adverse party.

Writ of *mandamus* denied.