## CLARK v. HARMER.

PLEADING AND PRACTICE; COVENANT; JOINT TENANTS, POSSES-
SION BY; NOTICE.

1. Covenant is the proper form of action for the recovery of money
   on an instrument under seal in which there is a promise to pay
   a certain sum upon a certain contingency; and such sum is,
   *prima facie*, the measure of damages.
2. *Non assumpsit* and *nil debit* are improper pleas in covenant; and
   a plea that the instrument sued upon was without considera-
   tion and is void, is insufficient as a plea of *non est factum*, if
   demurred to.
3. Where under an agreement between three parties granting to two
   of them an option of ninety days to purchase certain property
   from the third, it is provided that if within such time they should
   conclude not to purchase, the property should be redelivered
   to the grantor, possession taken by one of the grantees inures
   to the benefit of the other, and is presumably on the joint
   account and for the joint benefit.
4. The grantor in such a case is entitled to notice of the withdrawal
   of either of the grantees from his agreement within the ninety
   days, and the notice must be such as to fasten actual knowledge
   upon the grantor of such withdrawal.
5. The record of an instrument that is not permitted by law to be
   recorded, or that is not proved for record as required by law,
   is constructive notice to no one.

No. 369.   Submitted December 7, 1894.   Decided January 7, 1895.

HEARING on an appeal by the plaintiff from a judgment
in an action of covenant, a verdict for defendant having
been directed by the court. *Reversed.*

The COURT in its opinion stated the case as follows:

This is an action of covenant by the plaintiff Benjamin
W. Clark against Alfred C. Harmer and Morritz Lippman
to recover the sum of $8,000, under the following instrument
under seal:

"Indenture of agreement made this second day of February,
1888, by and between B. W. Clark of the city of Washing-
ton, District of Columbia, of the first part, and A. C. Harmer,

M. Lippman, and S. D. Newcomb, of the second part; witnesseth: That a certain agreement was entered into by all parties above named on the fifteenth day of December, 1887, relating to the purchase of a farm in Montgomery County, Maryland, and designated as the Lynch farm in said agreement, and as it is desired to change the said agreement; therefore, it is now agreed that for and in consideration of the sum of two thousand (2,000) dollars, cash in hand paid to the said B. W. Clark, the receipt of which is by me hereby acknowledged, and the further payment of eight thousand (8,000) dollars to the said B. W. Clark, in ninety days from this date, should the said Harmer and Lippman decide and desire to continue the development of the mining interests of said Lynch property for a time longer than ninety days from this date, I, the said B. W. Clark, hereby sell, transfer, and make over unto the said Harmer and Lippman any and all interests which I now hold to any and all options for purchase and work on the said Lynch farm, reserving only a one-sixth ($\frac{1}{6}$) interest in said property, which is and shall remain the property of the said S. D. Newcomb; which one-sixth interest shall stand as provided for in the articles of agreement before alluded to, and dated the fifteenth (15th) day of December, 1887. And if at the expiration of ninety days from this date the said Harmer and Lippman shall decide not to purchase or further work the said property, they shall deliver the said property and all options to the said B. W. Clark, and this agreement shall cease and determine. And it is further agreed that the said Harmer and Lippman shall satisfy the said Lynch, who is a party in interest.

"In witness whereof we have hereunto set our hands and seals, at Washington, D. C., this second day of February, 1888.

"B. W. CLARK.   [SEAL]

"A. C. HARMER.   [SEAL]

"M. LIPPMAN.   [SEAL]

"S. D. NEWCOMB."   [SEAL]

Lippman was not served and made no appearance. The defendant Harmer filed three pleas, upon which issue was joined, as follows: 1. That he did not undertake and promise in manner and form as alleged in the declaration. 2. That he did not agree or covenant in manner and form as alleged in the declaration. 3. That said alleged agreement, if any such there be, was without any valuable consideration, and is void.

On the trial plaintiff read the agreement aforesaid in evidence. It appeared to have been duly proved for record and recorded in the proper office February 4, 1888, at the request of Harmer and others.

The following assignment appears indorsed on the back of said agreement, and was recorded with it, though there appears nothing to show that it was ever proved for record as an instrument: "For valuable consideration, we, the undersigned, M. Lippman and A. C. Harmer do hereby assign and transfer to H. S. Louchheim, of the city of Philadelphia, Pennsylvania, all our right, title and interest in the within agreement. February 3, 1888; (signed) M. Lippman, A. C. Harmer."

Plaintiff then testified that defendants were residents of Philadelphia when the contract was made; that in pursuance thereto, they took possession of the property described therein, known as the "Lynch farm;" that the property was worked for minerals for a period of more than ninety days after the date of the contract by a force under one Johnson as foreman; that plaintiff saw the work going on upon the premises, and that Lippman apparently directed and oversaw it; that neither of defendants had ever made known to him that they had decided not to work the property, either before, at, or after the expiration of the ninety days; that they had never delivered, or offered to deliver, the possession of the premises to him; and that since the expiration of the ninety day limit he has demanded payment and been refused, and the whole amount promised

remains unpaid. Plaintiff also said that he had not demanded possession of the premises, and had never seen defendant Harmer on the premises, or directing work thereon, and did not mean to testify that he knew that Harmer took possession.

Plaintiff next read in evidence a contract made October 31, 1887, by and between Lynch and wife, who were the owners of the premises, and one George W. Kirk, wherein Lynch and wife leased to Kirk, for the period of one year from date, the premises aforesaid, with the right to him and his assigns to dig, bore, mine, and carry off all the minerals thereon during said lease. The instrument contained the following stipulation, among others:

"And it is further agreed and understood by and between the parties hereto that if the said party of the second part, his heirs, executors, administrators, or assigns, shall elect on or before the expiration of the term hereinabove named to purchase the said demised land and premises above described, and shall pay therefor the sum of fifteen thousand dollars, the said parties of the first part, their heirs, executors, administrators or assigns shall be and are hereby bound to accept the said sum, and shall and will make, execute and deliver to the said party of the second part, his heirs, executors, administrators, and assigns, a good and sufficient deed with general warranty conveying in fee simple the said land and premises hereinabove described with all the hereditaments and appurtenances thereunto belonging or appertaining."

An assignment of the foregoing lease and option by said Kirk to plaintiff, dated December 8, 1887, and running for a period of six months from date, was then read in evidence. Plaintiff also read from the records a deed made February 23, 1888, whereby Lynch and wife, upon a consideration of $12,000, as recited, conveyed the premises in fee simple to Morritz Lippman, *trustee.* Other evidence tended to show that Lippman directed mining operations upon the land

until a time as late at least as May 26, 1888; and that the money consideration recited in the deed from Lynch and wife to Lippman, trustee, was paid by Louchheim.

There was no evidence tending to show that plaintiff had knowledge of the transfer of the rights under the agreement by Lippman and Harmer to Louchheim. Nor was there any evidence tending to show who were the beneficiaries of the trust held by Lippman, trustee, under the deed aforesaid.

Upon the conclusion of plaintiff's evidence, defendant Harmer moved the court to direct a verdict for him, which was done, upon the ground, as shown in the bill of exceptions, " that the evidence was insufficient to sustain a verdict for the plaintiff, because there was no testimony that the defendant Harmer took possession of the property or worked the same after the expiration of the ninety days." After his motion for new trial was overruled and judgment entered on the verdict, plaintiff took this appeal.

*Messrs. Willoughby & Willoughby,* for the appellant, cited : 1 Chitty Pl. 116, 481; Gould Pl. 338, 343; 5 Bac. Abr. 405; Stephen Pl. 253; *Humphreys* v. *McCall,* 9 Cal. 59; *Maxwell* v. *Maxwell,* 31 Me. 184; *Stewart* v. *Preston,* 1 Fla. 10; *Tyler* v. *Strang,* 21 Barb. 198; *Ins. Co.* v. *Ins. Co.* 20 Barb. 473; *Ferguson* v. *Ferguson,* 2 Comst. 361; 1 Greenl. Ev. Sec. 51; 1 Parsons Contr., 2d Ed., 21.

*Mr. A. A. Lipscomb* and *Mr. Philip Walker,* for the appellee, cited : Stephen Pl. 162; 1 Chitty Pl. 705; *Erskine* v. *Hohnback,* 14 Wall. 613; *Lytle* v. *Lee,* 5 Johns. 112; *Gwynne* v. *Burrell,* 6 Bing. (N. C.) 453; *Page* v. *Walker,* 1 Tyler (Vt.) 146; *Simonton* v. *Winter,* 5 Pet. 141; Robinson's Pr., Vol. 2, 40 : *Woolveridge* v. *Steward,* 30 E. C. L. 521; *Wahl* v. *Burrell,* 8 Gill, 394; *Cooper* v. *Taylor,* 46 E. C. L. 851; *James* v. *Cochran,* 7 W. H. & G. 177; *Hale* v. *Finch,* 104 U. S. 261.

Mr. Justice SHEPARD delivered the opinion of the Court :

Covenant is a proper form of action for the recovery of

money on an instrument like this. 1 Chitty Pl. 118 ; *Simonton* v. *Winter*, 5 Pet. 141. There is no similarity between it and the one under consideration in *Hale* v. *Finch*, 104 U. S. 261.

There is no general issue, strictly speaking, in covenant. Defendant's pleas were wholly insufficient, and must all have been stricken out had plaintiff demurred, instead of joining issue. The second plea, though defective as a plea of *non est factum* (Stephen Pl. 159 ; Id. 196), may, however, be regarded as sufficient for that purpose by reason of plaintiff's failure to demur. So to hold does not affect the merits of the case, however. Treating it as such a plea, its sole effect was to put in issue the execution of the instrument.

" The plea of *non est factum* denies that the deed mentioned in the declaration is the deed of the defendant. Under this the defendant may contend at the trial that the deed was never executed in point of fact. But he cannot, under this plea, deny its validity in point of law." Stephen Pl. (Heard) 158–9 ; 1 Chitty Pl. 120.

In support of the judgment it is contended that covenant is an action to recover damages, and that plaintiff was not entitled to a verdict upon the close of his evidence, because he offered no proof thereof. *Simonton* v. *Winter*, 5 Pet. 141, is referred to as sustaining this proposition. That was an action of covenant, as the court said, " sounding in damages," the amount due plaintiff was uncertain, and depended upon matters *dehors* the record, hence requiring to be ascertained by proof *aliunde*. The court recognized the clear distinction between cases of that kind, and those where the amount sought to be recovered is fixed and ascertained by the instrument itself, as in the case of a bond, and thus proves itself. The instrument showed a promise to pay the certain sum of $8,000 in a certain contingency, the happening of which, if proved, entitled him to that amount as his damage.

This brings us to the actual point upon which the case was made to turn in the court below. Was it incumbent upon the plaintiff to show " that Harmer took possession of the property or worked the same after that ninety days."

Had no actual possession been taken of the property by any one under the terms of the agreement, it would be necessary to construe the instrument with a view to ascertain whether the defendants were bound to give notice to plaintiff on or before the expiration of the ninety days that they had decided not to purchase the property. Taking the facts as proved, and uncontradicted, we think it unnecessary to construe the instrument save in application thereto.

The defendants did take possession, according to this proof — Lippman actually and Harmer constructively through him. Possession taken under the agreement by one joint tenant inured to the benefit of both, and, in the absence of proof to the contrary, must be presumed to be on joint account and for joint benefit. Plaintiff, observing that possession had been taken and that work was progressing in accordance with the agreement, was under no obligation to inquire whether Harmer was still acting with Lippman, or had assigned or abandoned his interest. At the end of the ninety days, he saw Lippman still in possession of the property and engaged in work thereon. It was not redelivered to him, and no notice was given him of an intention to go no further. If he be held to take notice of the deed made by Lynch and wife to Lippman, trustee, of what did it inform him? It necessarily showed that the option to purchase had been acted on by Lippman. This deed made it impossible for Lippman, at least, to withdraw from the purchase made of plaintiff. It was a complete acceptance before the expiration of the ninety days. The deed made to Lippman, trustee, without disclosing the beneficiaries thereof, was no notice that Harmer had withdrawn from association with Lippman, and had abandoned the contemplated purchase. Concede that he had the right to

release himself, without regard to the act or conduct of the joint contractor, Lippman, still, under the circumstances, we think it was incumbent upon him at least to show notice to plaintiff of his withdrawal and intention to proceed no further in the matter, or that plaintiff had this knowledge in some other way.

It is urged that the assignment by Lippman and Harmer to Louchheim, indorsed on the back of the agreement and recorded therewith, was notice to plaintiff that Harmer had withdrawn and was no longer interested. It does not appear that this transfer was proved so as to entitle it to record. So far as the record before us shows, the transfer was apparently transcribed upon the record by the recording officer because it was endorsed upon the instrument which was offered for record in accordance with law. The record of an instrument that is not permitted by law to be recorded, or that is not proved for record as required by law, is constructive notice to no one. But had it been properly recorded, plaintiff was not bound to take notice of it. He had conveyed his interest, and had no concern with the subsequent conveyances affecting the property. If he was entitled to notice by Harmer of his intent to go no further at the end of the ninety days, which we have held he was, the notice must have been given directly or in such a way as to fasten actual knowledge upon the plaintiff.

The court erred in directing a verdict for the defendant; and for that reason *the judgment must be reversed, with costs to the appellant, and the cause remanded with direction to award a new trial; and it is so ordered.*