Mr. Chief Justice Alvey
delivered the opinion of the Court:
The appeal in this case presents questions of practice exclusively. It appears that the appellant, Augustus Williams, instituted an action for the recovery of damages *389 against William Witthaft, August Getz, and Charles Getz, and that that action was brought on to trial in November, 1899. After the jury was sworn, the action was discontinued as to the defendant Witthaft, and judgment was entered in his favor for costs. The trial proceeded, but on the next day, a juror was withdrawn, and the plaintiff took a non suit, and judgment was thereupon entered for the two remaining defendants for costs. As taxed by the clerk, the entire costs of suit, for which the plaintiff was liable, was $86.50.
On ' December 19, 1899, the plaintiff in the original action renewed his suit against the two original defendants, August Getz and Charles Getz, on the same cause of action as in the former suit. And on January 9,1900, the defendants moved the court to dismiss the suit, for the reason that the plaintiff had not paid the costs’which had been duly taxed by the clerk in the previous case. Upon this motion the court, on March 5,1900, ordered the caseto be dismissed, unless the plaintiff pay the costs due within ten days from that date.
On March 8, 1900, the plaintiff made a motion to the court to retax the costs in the previous case; and on April 9, 1900, the court overruled this motion, and ordered that the plaintiff pay the costs in that action forthwith, and in default of such payment, the present case be and it was thereby dismissed. It is from this order that the present appeal has been taken.
It has long been an established rule of practice, with a view to prevent vexatious litigation, that where a former action has been non prossed, or non-suited, or discontinued, by the direction of the plaintiff, that a second action for the same cause, would not be allowed to be prosecuted, without, as a condition precedent, the costs of the former action be paid. And for the enforcement, of this rule of practice, the court, in which the second action is brought, will stay proceedings, until the costs of the former action be paid. *390 Merchant v. Halsey, 2 W. Blacks. 741, 743, 744; Weston v. Withers, 2 Term Rep. 511. In this latter case it was held, that after a non suit in trespass the court will stay proceedings in a second action between the same parties for the same cause, until the costs of the non suit are paid, notwithstanding the plaintiff be a prisoner at the time of bringing the second action, and sue in forma pauperis.
This principle of practice has been fully adopted by the American courts; and we need only refer to the cases of Cuyler v. Vanderwecker, 3 Johns. Cases, 445; Perkins v. Hinman, 19 Johns. 237; Jackson v. Edwards, 1 Cow. 138; Jackson v. Carpenter, 3 Cow. 22. And in the courts of the United States this rule of practice is fully recognized.
In the case of Henderson v. Griffin, 5 Pet. 150, 158, the rule laid upon the plaintiffs was, that they should show .cause by a day named, why all proceedings in the pending cause should not be stayed, until the costs in the former action should be paid. This was made the subject of objection; and the Supreme Court of the United States, in disposing of the objection, said:
“Assuming the fact stated in the rule to be true, that the plaintiffs brought these suits in the name of Dayid Ramsey’s heirs, it shows no more than that it was a case which, by the rules of practice of all courts, authorized the order made by the circuit court. Costs had accrued to the defendants by a suit brought and prosecuted by the plaintiffs in this suit, in the name of those who had no right to the land. It was perfectly consistent with the justice of the case, that when these plaintiffs sued the same defendant in their own name, for the same land, they should reimburse him for the past costs to which they had subjected him, before they should be permitted to proceed further. Rules of this kind are granted by courts to meet the justice and exigencies of cases as they occur, not depending solely on the interest which those who are subjected to such rules may have in *391 the subject-matter of suits which they bring and prosecute in the names of others; but on a variety of circumstances which, in the exercise of a sound discretion, may furnish a proper ground for their interference.”
The general form of the rule for the payment of costs of a prior suit, as a condition upon which a subsequent or second suit may be prosecuted for the same cause, is, as we have seen in the cases referred to, that the proceedings be stayed until the costs of the former action be paid. But in order to make the rule definite, and to exclude any limitation that might appear unreasonably restrictive, we think the rule should conform, by analogy, to the rule for security for costs, such as that prescribed by the Maryland act of-1796, Ch. 43, Sec. 12, whereby the plaintiff could be required to furnish the security by some day in the succeeding term, and in default of compliance that it should be the right of the defendant to insist upon a non suit. In this case, upon overruling the motion for retaxation of costs in the former case, the plaintiff was thereupon ordered to pay forthwith the costs of the former suit; and upon his failure to do so, the pending case was at once dismissed. We think this was not according to established practice.
With respect to the alleged errors in the taxation of the costs in the former action, no appeal will lie to this court. To entertain appeals in such cases would not only interfere with the finality of judgments, but would open the door to abuse, as means of delay, in the execution of judgments. The taxation of costs, in the cases where they accrue, is ordinarily a mere clerical act, performed under the supervision of the court. Por any errors in the taxation the remedy for their correction is quite simple. If either party be dissatisfied with the taxation by the clerk, he may apply to the court for a rule to show cause why the clerk should not review the taxation first made by him. But in the application for such rule, the party should be careful to *392 specify with, particularity in what respect the taxation is erroneous. 2 Tidd Prac. (9th Ed.), 990.
We must reverse the order dismissing the action, and remand the cause for further procedings; and it is so ordered.

Order reversed and cause remanded.