## KELLOGG SWITCHBOARD & SUPPLY CO. v. GLEN TELEPHONE CO. et al.

### (Circuit Court, N. D. New York. March 9, 1903.)

#### No. 6,950.

1. DISMISSAL — EFFECT OF ORDER DISMISSING AT COMPLAINANT'S COSTS — WAIVER OF IRREGULARITY.

An order, entered ex parte on complainant's motion dismissing a bill for infringement of a patent "at complainant's costs," without prejudice to the right of complainant to commence a suit for infringement of a reissued patent, obtained by complainant pending the suit by surrender of the patent sued on, is not conditional on the payment of the costs, nor is it void; if irregular because granted without notice, the only remedy of defendant is by motion to set it aside, in the absence of which their irregularity is waived.

2. SAME—DISMISSAL WITHOUT PREJUDICE—EFFECT OF FAILURE TO PAY COSTS.

Under Code Civ. Proc. N. Y. § 779, by rule made applicable to the procedure in the Circuit Court of the United States in the Northern District of New York, and which provides that when costs directed to be paid by an order, which fixes no time for their payment, are not paid

within 10 days, all proceedings on the part of the party required to pay the same are stayed without further direction of the court until the payment thereof, an order of a Circuit Court dismissing a bill at complainant's costs, without prejudice to a new suit, does not prevent complainant from commencing a new suit at once before the costs are paid, the only effect of the nonpayment of the costs in the former suit being to stay the second suit if they are not paid within 10 days.

## In Equity. On plea.

On the 17th day of March, 1902, the complainant, Kellogg Switchboard & Supply Company, an Illinois corporation, filed in this court its bill of complaint against the defendants therein, Glen Telephone Company, a domestic corporation, and J. S. G. Edwards, E. D. Parkhurst, and Howard A. De Graff, its president, secretary, and treasurer, respectively, alleging, with all necessary and pertinent statements, an infringement by defendant company of letters patent numbered 689,953, dated December 31, 1901, being a patent relating to the operation of the telephone system, with the usual demands for judgment, etc., in such cases. July 7, 1902, the defendants filed their answer to such bill of complaint, and August 4, 1902, the complainants filed their replication. After the commencement of said action, and during its pendency, the complainants surrendered their letters patent, No. 689,953, having filed an application for reissue on the 17th day of June, 1902, and obtained reissued letters patent, numbered 12,031, dated September 16, 1902, being, of course, for same invention. On the 26th day of September, 1902, the complainants applied to and obtained from Judge Coxe, ex parte, an order of which the following is a copy:

"United States Circuit Court, Northern District of New York.

"Kellogg Switchboard & Supply Co. v. Glen Telephone Company, J. S. G. Edwards, E. D. Parkhurst, and Howard De Graff. In Equity. No. 6,929. Patent No. 689,953.

"Upon motion of complainant in the above-entitled cause, and it appearing that the letters patent forming the basis of the above-entitled cause have been surrendered, and reissued letters patent No. 12,031 have been granted in lieu thereof, it is ordered that the bill of complaint herein be, and the same hereby is, dismissed at complainant's costs, without prejudice to the right of complainant herein to commence and maintain a suit or suits against the defendants herein, or either of them, for infringement of said reissued letters patent No. 12,031.                    ALFRED C. COXE, U. S. J."

It will be noted that this order recites the surrender of the original patent and the reissue, and dismisses the complainant's bill, "at its cost," without prejudice to the right of said complainant to commence and maintain a suit or suits against said defendants, or either of them, for infringement of said letters patent No. 12,031. On the same day, September 26, 1902, said complainant, without a taxation or payment of defendants' costs, filed a bill of complaint against the said defendant Glen Telephone Company and J. S. G. Edwards, its president, alleging infringement of said reissued letters patent No. 12,031, with usual allegations and demand for relief, the alleged causes of action being substantially identical, except that in the last case the infringement alleged is of reissued letters patent No. 12,031, instead of an infringement of the original. These several matters are presented by plea in bar to complainant's present bill, and defendants demand judgment whether they shall be put to make any further or other answer to such bill of complaint herein, and pray to be hence dismissed, with their costs and charges in this behalf sustained. The complainant files an affidavit, with exhibits, showing that September 29, 1902, the defendants were notified of the entry of the order of discontinuance and of the filing of the new bill; that the last of October, 1902, defendants were requested to tax their costs, complainant offering to pay same; and that subsequently the complainant sent a money order for such costs as its solicitor supposed the defendants entitled to, same not having been taxed. The defendants claim that the order having been granted ex parte, and at "complainant's costs," and such costs not hav-

ing been paid, the first action, being for the same cause of action (it is claimed), is still pending, and is a bar to the present action.

Bradley & Fuller and Jones & Addington, for complainant.
Seward Davis, for defendants.

RAY, District Judge (after stating the facts). Assuming that this action is between the same parties (not strictly true, yet true in effect), and for the same cause and purpose, the present suit being for an alleged infringement of reissued letters patent, and the former action for alleged infringement (the same acts at same dates) of the original letters patent, the question is whether or not the order of Judge Coxe is effective prior to the payment of defendants' costs. If not effective, is such order a nullity, or one that may be invoked for the purpose of staying the further prosecution of the present action until the costs of the former action are paid?

It will be observed that the order of dismissal does not make the payment of costs a condition of dismissal, but states that the action "is dismissed at complainant's costs"; that is, the defendants recover costs, but the action was not dismissed "on payment of costs," or on condition that the costs of the former action are paid.

In White v. Smith, 4 Hill, 166, it was held:

"A suit having been commenced and an attorney employed for the defendants, the plaintiff, before receiving notice of retainer, entered a rule to discontinue, and commenced a second suit against the defendants for the same cause, to which they pleaded the pendency of the first suit in abatement. Held that, the plaintiff having omitted to pay the costs of the first suit, the rule for discontinuance was a nullity and formed no answer to the plea. Had the plaintiff, in receiving the plea in abatement and before replying, paid the costs of the first suit, the payment would have related back to the time the rule for discontinuance was entered, and thus rendered it effectual."

On appeal (Smith v. White, 7 Hill, 520) it was held, modifying the first decision:

"A suit having been commenced and an attorney employed by the defendants, the plaintiff, before receiving notice of retainer, entered a rule for discontinuance, without paying or tendering any costs, and commenced a second suit against defendants for the same cause, to which they pleaded the pendency of the first suit in abatement. Held, that the defendants, not having appeared in the first suit until after the second was commenced, were not entitled to costs, and that the rule formed an answer to the plea; otherwise had the defendants appeared in the first suit before the entry of the rule for discontinuance."

It will be noted that the effect of the first decision was that the order of discontinuance was not a nullity, but operated only as a stay of the second suit until the costs of the first were paid.

In James v. Delevan, 7 Wend. 512, held:

"A rule for discontinuance, after appearance, is effectual without payment of defendant's costs; and if such costs, when taxed, are not paid, the defendant may proceed in the suit notwithstanding the rule for discontinuance, and is not bound to make up a record of discontinuance and collect his costs, as on a judgment of non pros."

In Daniell's Chancery Pleading and Practice (6th Amer. Ed.) p. 791, the rule is thus stated:

"Where a plaintiff has made a default in payment of the costs of a former suit against the same defendant, or the person whom he represents, for the same purpose, the defendant may obtain an order, on motion, with notice to the plaintiff, staying all further proceedings until the plaintiff has paid such costs; and where, after great delay, the costs still continue unpaid, the court will order the plaintiff to pay them within a limited time, or, in default, that the second bill stand dismissed."

Pikett v. Loggon, 5 Ves. 706; Altree v. Hordern, 5 Beav. 623–628; 7 Jur. 247; Lautour v. Holcombe, 10 Beav. 256; Spires v. Sewell, 5 Sim. 193; Long v. Storie, 13 Jur. 1091; Sprye v. Reynell, 1 De G., M. & G. 712.

This is the effect of the rule now incorporated in the Code of Civil Procedure of the state of New York, and which controls this case, as we shall see.

In 8 Paige, 81, note, the rule is thus stated:

"Where the complainant enters a common order to dismiss his bill upon payment of costs, the order is conditional; and if he commences another suit before such costs are paid, or at least before payment thereof has been tendered, the pendency of the former suit may be pleaded in abatement of such new suit. Saxton v. Stowell, 11 Paige, 526; Simpson v. Brewster, 9 Paige, 246. But where the complainant enters an absolute order to dismiss his bill, with costs to be paid to the defendants, the defendants may treat it as a valid decree, and may proceed to collect their costs thereon, as if such a decree had been entered by order of the court, or they may treat it as irregularly entered, and may apply and have it set aside on that ground."

In the case at bar, the complainant applied to Judge Coxe for an order dismissing the bill of complaint on a showing that during the pendency of the action he had surrendered the letters patent sued on and obtained a reissue, and the order was made without prejudice to a new suit for infringement of the reissued patent. The prior action was dismissed "at complainant's costs," which means with costs to the defendants to be recovered of the complainant in the usual course. The dismissal was not conditional. If defendants were not satisfied with this order, they should have moved to set it aside or for a modification thereof. It appears from the affidavit of W. Clyde Jones and the letters annexed that, so soon as the complainant's attention was called to the matter of costs, it asked for a statement of the amount and offered to pay same, and, no statement having been rendered, later tendered by money order such costs as it supposed the defendants entitled to. This practice is not strictly correct, but it demonstrates the inequity of applying a harsh rule. The true remedy of defendants in this case would seem to be to move for a stay of all further proceedings in this action until the costs of the former actions are paid.

The rules of the Circuit Court of the Northern District of New York provide:

"Rule 5. In cases not provided for by the rules of this court, the rules of the District Court of the Northern District of New York, so far as the same are in their nature applicable, are to be considered as rules of this court."

The rules of the District Court of the Northern District of New York provide:

"Rule 83. In all cases not provided for by the rules of this court or by law the practice of the Supreme Court of this state, as prescribed by the Revised

121 F.—12

Statutes of this state and by the rules of the said court, shall regulate the practice in this court, so far as the same may be applicable."

On this subject, section 779 of the Code of Civil Procedure of the state of New York provides as follows:

"Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or if no time is so fixed within ten days after service of a copy of the order, due * * * execution * * * may be issued, * * * and all proceedings on the part of the party required to pay same, except to review or vacate the order, are stayed without further direction of the court until the payment thereof."

In this case no time was fixed by the order dismissing the former action for the payment of the costs of that action, and the complainant had 10 days at least in which to pay them before being stayed; it could not be in default before that time had elapsed. The stay does not operate until default in payment, and therefore not until 10 days from the service of the order or the time fixed in that order. Pettibone v. Drakeford, 1 How. Prac. (N. S.) 141; Marks v. King, 13 Abb. N. C. 374.

The order was without prejudice to the bringing of another action on reissued letters patent No. 12,031, and another action was at once commenced, not in violation of, but by express authority of, the order of the court. The complainant notified defendants of the order, called on them for a statement of their costs, and stated their readiness to pay same. It was the duty of defendants to furnish such statement or procure them to be taxed.

It has been expressly adjudicated by the Court of Appeals of the state of New York that the nonpayment of motion costs awarded in a former action does not prevent the bringing of a second action for the same cause, the only effect being to stay proceedings in the second action. Wessels et al. v. Boettcher, 142 N. Y. 212, 36 N. E. 883. In that case plaintiffs brought an action as assignees of the claim set forth in the complaint. The assignors had previously brought suit thereon and obtained an attachment, which was vacated on motion, "with costs," and before such costs were paid the second action was brought by the assignees of the demand. The defendants in the second action claimed the plaintiffs were stayed (section 779, Code Civ. Proc.) from bringing the action, such costs not having been paid, and that all proceedings were not merely voidable, but void; citing MacWhinnie v. Cameron, 19 Civ. Proc. R. 168, 11 N. Y. Supp. 20; Gardenier v. Eldred, 21 Civ. Proc. R. 221, 15 N. Y. Supp. 819; Barton v. Speis, 73 N. Y. 133. But the Court of Appeals held otherwise, and said:

"The stay of proceedings, under section 779 of the Code, has no such effect, and does not deprive the court of jurisdiction when set in motion by the party resting under the stay. The only effect is to render the proceedings irregular, and when brought to the attention of the court the party violating the stay will be dealt with as may be proper."

See, also, Fuller v. Read, 15 How. Prac. 236; Jackson v. Edwards, 1 Cow. 138; Griffin v. R. L. C. M. A., 26 Hun, 314; Baylies' Trial Prac., 82, 84, and cases cited.

This is the settled rule under the Code of Civil Procedure (New York) conceded to apply in this case. It is not necessary to go into other adjudications on the same subject. Barton v. Spies, 73 N. Y. 133, is not in conflict with, but in confirmation of, these views.

The first action did not die with the surrender of the letters patent for reissue, although the cause of action therein was by such surrender extinguished. The action until dismissed was pending. It is not necessary to the pendency of an action that the complainant have a cause of action. It may be that the order of dismissal was irregular; that the order should only have been made on notice to the defendants; but, if so, the order was not void, only irregular, and if the defendants objected to the same for want of notice they should have moved to set it aside. It will not do to hold that orders of the court, irregularly obtained, are void. Such orders, if not objected to (in the absence of a rule or statute to the contrary), are acquiesced in, and the irregularity waived. This is a rule of common sense as well as of law and practice. It follows that no discussion need be had of the question whether the causes of action in this and the former suit are the same.

The plea of the defendants must be overruled, and it is so ordered.