IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN OCTOBER TERM, 1821, IN THE FORTY-SIXTH YEAR OF OUR
INDEPENDENCE.

---

### PERKINS *against* HINMAN.

THIS was an action on a promissory note, originally commenced in the Court of Common Pleas of *Otsego* county. An affidavit of the non-residence of the plaintiff was filed in that court, and a rule entered requiring the plaintiff to file security for costs ; but before any security was filed, the default of the plaintiff was entered, and a judgment of nonsuit was, afterwards, perfected, with costs, amounting to thirteen dollars and sixteen cents, which remained unpaid. The plaintiff, afterwards, commenced the present suit in this court, for the same cause of action.

*Where a second action (mixed or personal) is brought, either in this Court, or in a Court of Common Pleas, been had therein, or the plaintiff has become nonsuited, the Court will stay the proceedings, until the costs of the former action for the same cause, are paid.*

*Starkweather*, for the defendant, now moved that all proceedings in this cause be stayed, until the costs of the suit in the Common Pleas were paid. He cited, 1 *Johns. Cas.* 247. 1 *Tidd's Pr.* 479. 480. 2d ed.

*E. Griffin*, contra.

*Per Curiam.* This point appears not to have been decided in this court. But the practice is well settled in the

UTICA,
October, 1821.

OVERSEERS OF
POMPEY
v.
OVERSEERS OF
LAURENS.

*English* courts in cases of ejectment; and in the Court of *K. B.* the rule is extended to other actions, whether the former action was in that court, or in the Court of *C. P.* We shall adopt the rule of the *K. B.*, and grant the motion. The plaintiff, therefore, cannot proceed in this court, until he has paid the costs of the nonsuit in the court below.

Rule granted.(*a*)

(*a*) Vide Stebbins v. Grant, ante, p. 196. 1 Dunlap's Pr. 337. 3 Bos. & Pull. 23. n. (*a*) 2 Term Rep. 511. and n. (*a*)