The Chief Justice delivered the opinion of the court.
Upon the trial of an issue joined in the Court of Common Pleas of the county of Burlington, according to the provision of the act for the relief of persons imprisoned for debt, between Archibald S. Sooy, alleging himself to bo an insolvent debtor, and certain of his creditors, a verdict was found against the debtor, and judgment was thereupon rendered with costs. Afterwards, on the same day, another execution in debt was issued by a justice of the peace at the suit of another creditor, against Sooy, and lodged with the gaoler in whose custody he then was. On the same day Sooy presented to the court another petition for discharge as an insolvent debtor, and on the day appointed to hear him and his creditors, it appearing to the court that the costs had been duly taxed, a copy thereof served on the debtor, and notice given to him that payment thereof would he insisted on before the hearing under his petition, and that the said costs had not been paid; the court, at the instance of the creditors who were defendants in the issue, refused to proceed on the application of the debtor, until the costs for which judgment had been rendered should be paid. Application is made here for a mandamus, and the single point presented to us by the state of the case, and by the agreement of the counsel, is whether the court might legally stay the proceedings until the payment of the costs.
*112 . The stay of proceedings in a second action until the costs of a former are paid, is founded on sound and just principles. The practice first fully obtained in the action of ejectment. In the case of Roberts v. Cook, 4 Mod. 379, which was in ejectment, the court said, “ If the verdict had been against the party bringing the second action, or he had been non-suited, he should not have brought another action before the costs of the first had been paid, because - it was a vexation to bring a new action.” In Keene v. Angel, 6 D. and E. 740, Lord Kenyon said, “ The only question in these cases is whether the second ejectment is in substance brought to try the same title, if so, the rule is of course to stay the proceedings until the costs *89]'of the former ejectment have been *paid.” For a time the extension of the practice to other actions was questioned. The policy and propriety of it, however, did not long remain a doubt. In Weston v. Withers, 2 D. and E. 511, the plaintiff having been non-suited in an action of trespass for taking goods, brought a second action for the same cause and sued in forma pauperis. On a rule to shew cause why the second action should not be stayed, it was objected that it could only be done in ejectment. But the court made the rule absolute, and Justice Buller read two cases where the like rule had been made in other actions than ejectment. In the case of Grovesnor v. Cape, cited in 2 Bl. Rep. 741, and in 3 Wils. 150, trover was brought to try a question of bankruptcy. The merits were fully gone into, the opinion of the court was with the defendant, and judgment had. A new action was brought, in case, for money had and received, and not in trover, lest the former judgment should be pleaded in bar, but professedly to try the same question of bankruptcy over again. The court refused to permit the second action to proceed until the costs of the former should be paid. For a time it was questioned whether the proceedings could be stayed, unless in the first action the merits had been examined and *113 decided, either by non-suit or verdict. But sound reason prevailed over this difficulty. It could not fail to be seen that if the first action was ended by the neglect of the plaintiff to pursue it with regularity and diligence, his neglect should afford him no title to escape the payment of costs. In the case of Baldwyn v. Richards, 2 D. and E. 511, n., a second action was stayed after judgment as in case of non-suit, for not going to trial in the first, which was for malicious prosecution. The same rule is pursued in the Supremo Court of New York. Cuyler v. Vanderwerk, 1 John, cases 247; Perkins v. Henman, 19 John. 237.
The reason on which the courts have acted in all these cases equally exists in respect to the case of an insolvent debtor. The stay of proceedings is no denial of justice. In truth, it is but dealing out even handed justice to both parties. He wdio has exposed his adversary to costs, and has failed from neglect or demerit, has no just claim to be again heard until he has satisfied those costs. If an insolvent debtor, against whom a verdict and judgment have passed, can immediately institute new proceedings, and failing in them, can again and as often as he please, without exposure to costs, for an execution on the judgment would yield *uothing, invoke the time and attention, and f *90 demand the aid of the courts, fraud, instead of skulking in concealment, would speedily walk forth in bold and undisturbed impunity; for no creditor would engage in so unequal a contest, in which a defeat would to the debtor be almost equal to a victory. We say, if a debtor may, after-verdict and judgment, institute new proceedings, for we wish to be understood as expressing no opinion upon that point. We think the Court of Common Pleas were right in refusing to proceed until the costs should be paid, but we do not say whether they are or are not bound to proceed to an hearing if they are paid.
Mandamus refused.