(97 App. Div. 37.)

WILSON v. BROOKLYN HOMEOPATHIC HOSPITAL.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. HOSPITALS—CHARITABLE INSTITUTIONS—NEGLIGENCE—LIABILITY.
     Where a hospital was a public charitable institution, it was not liable for negligence of a surgeon in operating on a patient, who paid only for board and attendance, and not for the surgeon's services, in the absence of proof that the hospital failed to exercise reasonable care in the selection or employment of the surgeon.

---

¶ 1. See Charities, vol. 9, Cent. Dig. § 103.

2. Same—Superintendent's Authority.

Where the superintendent of a public charitable hospital had no authority to contract on its behalf to furnish surgeon's services to a patient, the hospital was not liable for the negligence of a surgeon in treating a patient, though the superintendent agreed that the price charged the patient for board and attendance included compensation for surgical attendance and treatment.

Appeal from Trial Term, Kings County.

Action by Alexander Wilson against the Brooklyn Homeopathic Hospital. From a judgment in favor of defendant dismissing the complaint at the close of all the evidence, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

J. J. Bennett, for appellant.
Norman S. Dike, for respondent.

WILLARD BARTLETT, J. This is an action to recover damages for the breach of an express contract on the part of the defendant "to properly attend the plaintiff to cure him of the result of an accident from which he then suffered [a broken leg] for compensation to be paid therefor." The defendant was at the time of the alleged contract a domestic corporation existing as a public charitable institution operating as a hospital in the borough of Brooklyn. In conducting its hospital, therefore, it was not liable for negligence in operating upon a patient who paid only for board and attendance, and not for the surgeon's services, in the absence of proof that it had failed to exercise reasonable care and diligence in the selection and employment of the surgeon. Collins v. N. Y. Post Graduate Medical School, 59 App. Div. 63, 69 N. Y. Supp. 106. The plaintiff, however, sought to bring his case within the doctrine of Ward v. Saint Vincent's Hospital, 39 App. Div. 624, 57 N. Y. Supp. 784; Id., 65 App. Div. 64, 72 N. Y. Supp. 587; Id., 78 App. Div. 317, 79 N. Y. Supp. 1004—in which it was held on the first appeal that a charitable hospital might be liable for the breach of an express contract to furnish a patient a skilled, competent, and trained nurse, where the evidence sufficed to establish the existence of such a contract. In that case it appeared that the contract was made by a person who was characterized by Mr. Justice Barrett in that opinion as undoubtedly the authorized agent of the corporation. The contract was declared to be entirely reasonable, and clearly within the scope of the authority of the sister who made it; the real question being relative to the alleged breach. In the present case the plaintiff's wife paid to the defendant $5 for the removal of the patient to the hospital by the ambulance and $20 a week for his room and board. There was an attempt to prove that this payment was also intended to include compensation for the surgical attendance and treatment which the plaintiff received. The agreement was wholly oral, and appears to have been made between the plaintiff's wife and the superintendent of the hospital. In her statement of the conversation given upon her direct examination she said nothing about surgical treatment. Upon being recalled the next day, she testified that the person with whom she had the conversation told her that surgical treat-

ment was included in the expense of room and board. The superintendent denied having made any such statement. Nevertheless, there might have been a question for the jury on this branch of the case, if it had not been made clearly to appear that the superintendent had no authority whatever to make any contract in behalf of the hospital to receive compensation for the services of the surgeons or physicians in its employ. There was an utter absence, therefore, of the evidence which existed in the case of Ward v. Saint Vincent's Hospital, supra, to the effect that the person alleged to have made the contract was "its undoubtedly authorized agent." Apart from the foregoing consideration it is to be observed that no exception was taken to the granting of the motion to dismiss the complaint, or to the denial of the plaintiff's motion to go to the jury upon the questions involved, nor was any motion made for a new trial. Under these circumstances, the effective appeal being from the judgment only, the record really presents nothing which would, in any event, justify a reversal. See Collier v. Collins, 172 N. Y. 99, 64 N. E. 787.

I advise an affirmance of the judgment.

Judgment affirmed, with costs. All concur.