MURATORE v. PIRKL.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

APPEAL—NONSUIT—EXCEPTIONS—FAILURE TO MAKE.

Where no exception was taken to the dismissal of the complaint, and no motion made for new trial, plaintiff could not on appeal complain of any error in dismissal on the evidence.

Appeal from Trial Term, Kings County.

Action by Joseph Muratore against John Pirkl. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, and MILLER, JJ.

Wm. J. McArthur, for appellant.
Joab H. Banton, for respondent.

HIRSCHBERG, P. J. The plaintiff was injured by the bursting of an emery wheel while he was working as an employé for the defendant. The learned trial justice dismissed his complaint at the close of his evidence in an action tried before a jury and brought to recover damages on a charge of negligence. No exception was

taken to the dismissal of the complaint, and no motion was made for a new trial. None of the exceptions taken to the rulings of the court upon the trial justifies a reversal of the judgment, but the learned counsel for the appellant insists that it was error in the learned trial justice to refuse to submit to the jury the question of the defendant's negligence, and that such error may be reviewed on this appeal.

Assuming that it was error to dismiss the complaint upon the proof made by the plaintiff, it cannot avail the appellant on this appeal. In the case of Collier v. Collins, 172 N. Y. 99, 64 N. E. 787, a motion for a new trial was made and denied after the granting of a motion to dismiss the complaint, but, as no exception was taken to the dismissal of the complaint, the Court of Appeals held that the Appellate Division was without power to review or to reverse upon the facts where the appeal was taken from the judgment only. While an appeal may be taken from a judgment rendered in a jury trial, and such an appeal may be determined in the Appellate Division upon questions of law, only such questions of law may be considered as are presented by exceptions taken on the trial. Alden v. Knights of Maccabees, 178 N. Y. 535, 71 N. E. 104. In that case Judge Cullen said (page 542 of 178 N. Y., page 106 of 71 N. E.):

"Where the appeal is taken solely from the judgment (as in this case), except where there are statutory provisions to the contrary, the power of the Appellate Division is only the same as that possessed by this court; that is to say, a review of the questions of law, and questions of law can be raised only by exceptions taken at the trial. Code, § 992. The practice has been so held many times by this court. Thurber v. Harlem B. M. & F. R. R. Co., 60 N. Y. 328; Matthews v. Meyberg, 63 N. Y. 656; Boos v. World Mut. Life Ins. Co., 64 N. Y. 236; Third Ave. R. R. Co. v. Ebling, 100 N. Y. 100, 2 N. E. 878; Collier v. Collins, 172 N. Y. 101, 64 N. E. 787; Vollkommer v. Cody, 177 N. Y. 124, 69 N. E. 277. In the Collier Case the Appellate Division reversed a judgment entered on a nonsuit at Trial Term. No exception was taken at the trial to the ruling of the court dismissing the complaint, and no motion for a new trial was made, but the appeal taken from the judgment only. We held that, because there was no exception, the Appellate Division was without power to reverse the judgment, though the nonsuit might have been improper."

See, also, Wilson v. Brooklyn Homeopathic Hospital, 97 App. Div. 37, 39, 89 N. Y. Supp. 619.

It follows that the judgment should be affirmed. All concur.