suspending the functions of the executors, made it necessary that some one should be appointed to take charge of and preserve the estate, and we do not agree with the appellant's contention that these duties should of necessity have been again confided to the temporary administrator who had been originally appointed while the proceedings relating to the probate of the will were pending. We cannot assent to this view for the reason that, in our opinion, upon the issuance of letters testamentary the temporary administrator theretofore appointed became functus officio, and the surrogate could not continue the temporary administrator after the issuance of such letters. Whether the surrogate, when the appeal from the decree of probate was taken, could have again appointed the person or corporation who formerly had acted as temporary administrator to preserve the estate during the pendency of such appeal it is not necessary for us to determine; the question being as to his right, under the section of the Code referred to, to grant to these executors the limited authority therein provided for.

We think he had such power, and that the order appealed from should therefore be affirmed, with $10 costs and disbursements.

---

INGROSSO v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Division, First Department.   June 9, 1905.)

ACTION—CONDITION PRECEDENT TO PROSECUTION—PAYMENT OF COSTS IN PRECEDING SUIT—STATUTE.

Code Civ. Proc. § 779, providing that, where the costs of a motion are directed to be paid, all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed, without further direction, until payment thereof, requires the payment of costs, after dismissal, as a condition precedent to another action between the same parties to recover on the same cause of action.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 1048–1056.]

Hatch, J., dissenting.

Appeal from Special Term, New York County.

Action by Stefano Ingrosso against the Baltimore & Ohio Railroad Company. From an order denying a motion to stay the prosecution of the action until the costs in a former action were paid, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Richard Reid Rogers, for appellant.
Joseph A. Shay, for respondent.

McLAUGHLIN, J. The plaintiff brought an action in the City Court of the city of New York to recover damages for personal injuries alleged to have been sustained on the ground of defendant's negligence. The action subsequently came on for trial on defendant's notice, and the complaint was dismissed and judgment entered for the defendant against the plaintiff for the sum of $68.32

costs. The plaintiff and his attorney were present in court when the complaint was dismissed, but neglected and refused to proceed with the trial. Thereafter the plaintiff moved to open the default, which motion was granted upon condition that he should within five days thereafter pay $35, "trial costs." He neglected to pay within the time specified, and asked for an extension, which was granted; and he also neglected to pay the costs within the extended time, but, instead, brought this action in the Supreme Court to recover upon the same cause of action. Thereupon the defendant moved to stay the prosecution of this action until the costs of the prior action had been paid. The motion was denied, and the defendant has appealed.

I think the order should be reversed. Where the costs of a motion in an action are directed to be paid, all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed, without further direction of the court, until the payment thereof. Section 779, Code Civ. Proc. The same rule should be applied to the payment of costs in an action where another action is commenced between the same parties to recover upon the same cause of action. Indeed, such rule has been applied in numerous cases. Cuyler v. Vanderwerk, 1 Johns. Cas. 247; Perkins v. Hinman, 19 Johns. 237; Edwards v. Ninth Ave. R. Co., 22 How. Prac. 444; Richards v. White, 27 How. Prac. 155; Spaulding v. American Wood Board Co., 58 App. Div. 315, 68 N. Y. Supp. 945; Barton v. Speis, 73 N. Y. 133. The defendant, having successfully defended the prior action, is entitled, before it is put to the trouble and expense of defending this one, to receive such indemnity as the costs of the former action will afford. The motion was made promptly, and before an answer was interposed.

The case is clearly distinguishable from Dare v. Murphy, 18 Abb. N. C. 466. There there was proof to the effect that the former action was dismissed by reason of the negligence of the plaintiff's attorney, and there was also a question as to whether the issues involved in the two actions were identical. Here no such questions arise. The cause of action set out in the complaint in the City Court and the one set out in the complaint in this court are precisely the same, and no claim is made that the action in the City Court was dismissed for a fault other than the plaintiff's.

I am of the opinion that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

O'BRIEN and INGRAHAM, JJ., concur.    HATCH, J., dissents.