(109 App. Div. 146.)

## MURATORE v. PIRKL.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

1. COSTS—PAYMENT BEFORE SECOND ACTION—STAY.

The order granted plaintiff, after affirmance of a judgment of nonsuit, to prosecute a new action for the same cause as a poor person, having on defendant's motion been set aside, though with leave to renew, it was error to refuse defendant's motion to stay plaintiff's proceedings till he paid the costs of the first action.

2. SAME—IDENTITY OF ACTIONS.

A second action is for the same cause as one in which nonsuit had been granted, so that it should be stayed till payment of costs in the prior action, each being to recover the damages for a certain injury sustained by plaintiff, though one is brought under the employer's liability act, while the other is at common law.

Appeal from Special Term, Kings County.

Action by Joseph Muratore against John Pirkl. From so much of an order as denied a motion for stay of proceedings till the costs of a former trial and appeal were paid, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Joab H. Banton, for appellant.
Wm. J. McArthur, for respondent.

HIRSCHBERG, P. J. The plaintiff brought an action against the defendant in the Supreme Court in Kings county on March 12, 1903, to recover damages for personal injuries charged to the defendant's negligence. The case was duly tried and resulted in a judgment of nonsuit with costs. On appeal to this court the judgment was affirmed with costs at the April term in 1905. See Muratore v. Pirkl, 104 App. Div. 133, 93 N. Y. Supp. 484. On the 16th day of May, 1905, the plaintiff, without paying the costs of either the trial or appeal, obtained an ex parte order permitting him to prosecute a new action for the same cause as a poor person, and this action was then brought by him on June 10, 1905. The defendant thereupon moved for an order vacating the order granting the plaintiff leave to sue as a poor person, and staying his proceedings until he should pay the costs of the former trial and appeal; and on the hearing of the motion, the order permitting the plaintiff to sue as a poor person was set aside, with leave, however, to renew, but the motion for a stay was denied. The appeal is from so much of the order as denies the defendant's motion.

The order should have stayed the plaintiff's proceedings until he paid the costs. Barton v. Speis, 73 N. Y. 133; Griffin v. Round Lake Camp Meeting Association, 26 Hun, 314; Sprague v. Bartholdi Hotel Company, 68 App. Div. 555, 22 N. Y. Supp. 1090; Farrell v. New York Juvenile Asylum, 2 App. Div. 496, 37 N. Y. Supp. 1118; Spaulding v. American Wood Board Co., 58 App. Div. 314, 68 N. Y. Supp. 945; Hunt v. Sullivan, 79 App. Div. 119, 121, 79 N. Y. Supp. 708; Wasserman v. Benjamin, 91 App. Div. 547, 550, 86 N. Y. Supp. 1022; Ingrosso v. Baltimore & Ohio R. R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177. The respondent claims that the second action is a different one from the original suit, inasmuch as the former action was brought under the statute known as the employer's liability act (chapter 600, p. 1748, Laws 1902), while the present action is at common law. The remedy sought in each action is the same, viz., the recovery of damages for the injury sustained, and it was expressly held in Spaulding v. American Wood Board Co., supra, that complete identity of the subject-matter of both actions was not essential. Here, however, there is complete identity. It is unnecessary to determine whether the stay should have been granted, had the order granting the plaintiff leave

to sue as a poor person remained in force. But, that order having been set aside, there clearly was no reason why the plaintiff should have been relieved from the operation of the general rule which requires the payment of costs imposed upon the termination of an action at law before another action can be maintained by the same litigant for the same cause.

The order, in so far as appealed from, should be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.