### SINGER v. GARLICK.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

COSTS—PAYMENT—STAY OF SUBSEQUENT ACTION.

    Where a plaintiff is unsuccessful in an action, and costs are therein awarded to defendant, another suit to recover upon the same cause of action cannot be maintained until the costs are paid.

Appeal from Special Term.

Action by David L. Singer against Isadore Garlick. From an order denying a motion to stay proceedings until the costs of a former action between the parties are paid, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Louis Cohn, for appellant.

Julius Blumofe, for respondent.

McLAUGHLIN, J.  This appeal is from an order denying a motion to stay proceedings in the action until the costs in a prior action brought upon the same cause of action were paid.  The plaintiff, on the 14th of April, 1905, brought an action in the County Court of Kings county.  Issue was joined therein, and the action thereafter came on for trial, which resulted in a dismissal of the complaint, with $107.33 costs and disbursements.  Copy of the judgment, with notice of entry, was duly served upon plaintiff's attorney.  No appeal was taken from the judgment.  Subsequently the plaintiff brought this action in the Supreme Court, the venue being laid in the county of New York, to recover upon the same cause of action.  A motion was thereupon made to stay the prosecution of this action until the costs of the former action were paid.  The motion was denied, and the defendant appeals.

The fact is uncontradicted that this action is brought to recover upon the same cause of action upon which a recovery was sought in the former action, in which the plaintiff was unsuccessful, and in which costs were awarded to the defendant, and that such costs have not been paid.  It has many times been held that where a plaintiff is unsuccessful in an action, and costs are therein awarded to the defendant, another action to recover upon the same cause of action cannot be maintained until the costs are paid.  Ingrosso v. Baltimore & Ohio R. R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177; Wilner v. Independent Order Ahawas Israel (decided at the November term, and not yet officially reported) 107 N. Y. Supp. 497; Bigelow v. Drummond, 109 App. Div. 132, 95 N. Y. Supp. 1027; Muratore v. Pirkl, 109 App. Div. 146, 95 N. Y. Supp. 855.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.  All concur.

---

SMETANKA v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.  January 10, 1908.)

1. RAILROADS—OPERATION—INJURIES TO LICENSEES—CARE AS TO LICENSEES.

Defendant's railroad tracks ran at the foot of a cliff, and a number of people living on the face of the cliff made a practice of crossing the tracks midway between two highways about 600 feet apart, at which there were flagmen.  A fence on the side of the tracks opposite the cliff had become dilapidated, and had been rebuilt with openings at intervals to permit persons to pass through.  Held, that those living on the cliff were merely licensees to cross the tracks, and did not constitute the crossing such a public thoroughfare as to require defendant to sound a warning at that point.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1228–1237, 1261.]

2. SAME—CONTRIBUTORY NEGLIGENCE OF PERSONS INJURED.

In an action against a railroad company for death of plaintiff's intestate, a finding that decedent was not guilty of contributory negligence held against the weight of evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 1360.]