CONLON v. NATIONAL FIREPROOFING CO. et al.

(Supreme Court, Appellate Division, First Department.    October 23, 1908.)

1. ABATEMENT AND REVIVAL (§ 15*)—PENDENCY OF OTHER ACTION—EFFECT OF
DISMISSAL.
    The pendnecy of one action is a defense to a second action on the same
    cause of action; but the dismissal of the first action for want of prose-
    cution invalidates the defense.
    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §
    116; Dec. Dig. § 15.*]

2. COSTS (§ 277*)—ENFORCEMENT—STAY OF SUBSEQUENT ACTION.
    Under the rule preventing a number of actions for the same cause of
    action when the controversy may be determined in the first action, where
    one brings two actions on the same cause of action, and the first is dis-
    missed for want of prosecution, with costs against plaintiff, proceedings
    in the second action may be stayed until such costs are paid, as it is
    immaterial whether the second action was brought prior or subsequent
    to the award of costs in the first action.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048, 1051, 1052;
    Dec. Dig. § 277.*]

Appeal from Special Term.

Action by Frank Conlon against the National Fireproofing Com-
pany and others.   From an order denying the motion of defendant
the National Fireproofing Company for a stay of proceedings, it ap-
peals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

George W. Smyth, for appellant.
Edward Mandel, for respondent.

INGRAHAM, J.   The plaintiff brought two actions to recover
for personal injuries upon the same cause of action, in both of which
issue was duly joined and the cases placed upon the calendar.   Up-
on the making up of a new calendar, plaintiff failed to file a new
note of issue in the first action commenced, whereupon the defendant
National Fireproofing Company moved to dismiss the complaint there-
in.   This motion was granted, and an order entered dismissing the
complaint in the first action, and judgment was entered against the
plaintiff for the costs.   Subsequently the defendant National Fire-
proofing Company made a motion for a stay of proceedings in the
second action until the payment of the costs upon the dismissal of the
first action, and, that motion having been denied, the defendant ap-
peals.

The pendency of the first action would have been a defense to this
action, based as it was upon the same cause of action.   The first ac-
tion having been dismissed for want of prosecution, that invalidated
what, but for such dismissal, would have been a defense.   It must
be improper to allow a second action for the same cause of action to
be commenced when one action was pending, and immediately after
the commencement of the second action have the first dismissed,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and thus avoid the necessity of paying costs of the first action as a privilege of continuing the second. This would allow a method of evading the very salutary rule which prevents a number of actions for the same cause of action when the controversy could be determined in the first action commenced. It is quite essential that this rule should be strengthened, rather than relaxed. The case of Barton v. Speis, 73 N. Y. 133, clearly recognizes the existence of the power in this court to compel the payment of these costs. In Singer v. Garlick, 123 App. Div. 232, 107 N. Y. Supp. 972, we held that where a plaintiff is unsuccessful in an action, and costs are therein awarded to the defendant, another action to recover upon the same cause of action cannot be maintained until the costs are paid. It is entirely immaterial whether the second action was brought prior or subsequent to the award of costs in the first action. It is the bringing of two actions to recover for the same cause of action that is sought to be prevented.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.