# THE

# New York Supplement

## VOLUME 121

---

LINCOLN v. NEW YORK CENT. & H. R. R. CO. et al.

(Supreme Court, Trial Term, Ontario County.   February 5, 1910.)

1. Costs (§ 277*)—Enforcement—Stay of Subsequent Action—Motions—Affidavits.

Counsel for defendant, who are familiar with what occurred on the trial of an action, have sufficient information to make an affidavit of merits on a motion for an order to stay proceedings in a subsequent action for the same relief until costs awarded are paid.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1059; Dec. Dig. § 277.*]

2. Costs (§ 277*)—Enforcement—Stay of Subsequent Action.

Where plaintiff, suing for negligent death, suffered a nonsuit on the ground that the evidence showed the intestate guilty of contributory negligence, and on a subsequent action could only avoid a nonsuit by refraining on the trial from putting on the stand a witness who testified at the former trial, he should be compelled to pay the costs awarded in the first action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1049; Dec. Dig. § 277.*]

Action by Sarah L. Lincoln, administratrix, against the New York Central & Hudson River Railroad Company and another.   Heard on motion by each defendant for an order staying all proceedings in the action until the plaintiff pays the costs awarded against her in a former action for the same relief.   Motion granted.

See, also, 130 App. Div. 907, 115 N. Y. Supp. 1128.

Miller & Matterson, for plaintiff.

Bushnell & Kent, for defendant McKechnie Brewing Co.

Harris, Havens, Beach & Harris, for defendant New York Cent. & H. R. R. Co.

FOOTE, J.   Plaintiff brought a former action for the same relief on the same allegations of negligence, etc.   The action was brought to trial and plaintiff's evidence given, occupying two or three days. At the close of plaintiff's evidence, she was nonsuited, on the ground

that plaintiff's evidence showed her intestate guilty of contributory negligence. From this judgment of nonsuit, plaintiff appealed to the Appellate Division, where the judgment was unanimously affirmed. The plaintiff now brings this action for the same relief, alleging the same facts, and defendants move to stay proceedings until the costs of the former action are paid. The plaintiff opposes this motion by preliminary objections to the sufficiency of the moving papers, and on the merits by an affidavit of plaintiff's attorney tending to show that his client, the administrator, and the heirs and next of kin whom she represents, and for whose benefit the action is prosecuted, are without funds sufficient to pay the costs of the former action. No affidavit of the administrator or of the next of kin is furnished.

The principal objection to the sufficiency of the motion papers is that they do not contain a sufficient affidavit of merits. It would seem that the trial of the former action for the same cause, resulting in a defeat of the plaintiff upon her own case, sufficiently established that the defendants have a good defense upon the merits; but, however that may be, I think the affidavit of merits presented with the motion papers should be held sufficient under the circumstances, though not conforming in all respects to the requirements of a technical affidavit of merits. Counsel who are familiar with what occurred upon the trial of the first action are certainly possessed of sufficient information to make an affidavit of merits on a motion of this kind. On the merits of the motion, I think the defendants are entitled to the order asked for. The case seems to be exactly similar to that of Muratore v. Pirkl, 109 App. Div. 146, 95 N. Y. Supp. 855, where a similar order was made, and where cases are cited on which the practice is justified. In Wilner v. Independent Order Ahawas Israel, 122 App. Div. 619, 107 N. Y. Supp. 497, it was held that the general rule is that proceedings in a second action for the same cause should be stayed until the costs of the former action are paid, and that such rule will be enforced unless special facts are presented which indicate that an exception ought to be made, and that the fact that a person is pecuniarily unable to pay the costs of the prior action is not an excuse sufficient to bring the case within the exception. See, also, Singer v. Garlick, 123 App. Div. 282, 107 N. Y. Supp. 972; Conlon v. National Fireproofing Co., 128 App. Div. 270, 112 N. Y. Supp. 652.

The learned counsel for the plaintiff upon the argument of this motion, while admitting that the cause of action alleged here is the same as in the former action, and that upon the same testimony he could but expect the same result, namely, a nonsuit, frankly informed the court that he expected to avoid that result by refraining from putting on the witness stand one of the witnesses who testified for the plaintiff upon the trial of the former action, and with his testimony out of the case it will be necessary for the defendants to call the same witness in order to make the facts appear upon which the nonsuit was ordered, and that thus, being a witness for the defendants, the weight to be given to his testimony will be for the jury, and in this manner he hoped to escape a nonsuit upon the trial of this action. The plaintiff has once affirmed the credibility of this witness by putting him upon the stand in her behalf. It is not suggested that plaintiff was sur-

prised or disappointed by the testimony which he gave, or that plaintiff can bring in testimony on another trial to controvert it. Under these circumstances, I am not impressed with the reason so suggested for making this case an exception to the general rule that, where one seeks to prosecute a second action for the same cause in which he was defeated in a former action, he should pay the costs awarded against him in that action.

It follows that the motion of each of the defendants must be granted, with $10 costs to each defendant to abide the event.