## WEIL v. MANHEIM.

(City Court of New York, Special Term. March, 1910.)

1. Costs (§ 277*)—Payment of Costs of Former Actions.
    Plaintiff cannot bring frivolous actions, resulting in nonsuits and dismissals, and on bringing a new action claim that he should be relieved from costs.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 1049; Dec. Dig. § 277.*]

2. Costs (§ 277*)—Stay of Proceedings Until Payment.
    The general rule is that the proceedings in a second action for the same cause as the first should be stayed till the costs of the former action are paid, and such rule may be enforced, unless special facts are presented indicating an exception ought to be made; and the fact that the person is pecuniarily unable to pay is not a sufficient excuse.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

3. Costs (§ 277*)—Stay of Proceedings Until Payment.
    Where a complaint is dismissed with costs, in the Municipal Court of New York City, solely through plaintiff's fault, and not through that of his attorney, nonpayment operates as a stay in a subsequent action by him in the Supreme Court on the same cause of action.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

4. Costs (§ 277*)—Stay of Proceedings Until Payment.
    The rule of Code Civ. Proc. § 779, requiring a stay of proceedings on the part of a party required to pay the costs of a motion, should be applied to the payment of costs, where another action is commenced between the same parties on the same cause of action.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Action by Adolph Weil against Armin Manheim. On motion for a stay of proceedings. Motion granted.

Weinberg Bros., for plaintiff.
Abram S. Jaffer, for defendant.

FINELITE, J. It appears from the papers upon this motion that 'an action was brought in one of the Municipal Courts of the City of New York by this plaintiff against this defendant to recover a statutory penalty in an action for the defendant's failure to deliver to the plaintiff, who was a stockholder of A. Manheim & Co., a statement of the affairs of the said company, embracing its assets and liabilities, after notice to do so had been served upon the defendant by the plaintiff, which said action came on for trial on the 3d day of March, 1910, and was dismissed by the justice presiding at said court, as the defendant herein contends on this motion, after a trial of the issues, and that judgment was rendered in favor of the defendant against the plaintiff in the sum of $36.91 costs; that said plaintiff has never paid to the defendant any part of said costs for which a judgment was rendered against the plaintiff; and that there is now due and owing to the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant by the plaintiff upon said judgment the full amount thereof. Without paying the costs on said judgment to the defendant, the plaintiff commenced an action in this court on the 5th day of March, 1910, on the same cause of action as the one hereinbefore described, which is evidenced by comparison of the complaint of the Municipal Court action with the complaint in this action, between the same parties, the same subject-matter, and by the same attorneys. Defendant obtained an order to show cause from one of the justices of this court, on an affidavit setting forth the essential facts as herein described, and prays that an order may be granted staying the plaintiff from proceeding with this action until the judgment for costs in the Municipal Court action is first paid.

The plaintiff contends that before the Municipal Court action had proceeded to trial, and before any evidence was introduced, the defendant's attorney asked for the dismissal of the action on a technical ground, which motion was granted, and that by reason thereof it is further contended that plaintiff herein is not stayed from commencing the action in this court de novo. He relies upon the case of Drake v. N. Y. Iron Mine, 71 Hun, 212, 24 N. Y. Supp. 518, wherein the court held in that case:

"Where a defendant has once procured a ruling that the causes of action are different, and has prevented a determination in the prior action of the facts set up in the subsequent action, rendering a new action necessary, he may be held to assert, on an application to stay the proceedings in a subsequent action until the costs of the prior action are paid, that the causes of action are the same."

This case shows that the ruling obtained that the causes of action are different. The plaintiff cannot bring frivolous actions, which result in nonsuits or dismissals, and on bringing a new action claim that he should be relieved from the costs of former actions. I find that the general rule is that proceedings in a second action for the same cause as the first action should be stayed until the costs of the former action are paid, and that such rule may be enforced, unless special facts are presented which indicate that an exception ought to be made, and that the fact that a person is pecuniarily unable to pay the costs of the prior action is not an excuse sufficient to bring the case within the exception. Muratore v. Pirkl, 109 App. Div. 146, 95 N. Y. Supp. 855; Wilner v. Independent Order Ahawas Israel, 122 App. Div. 619, 107 N. Y. Supp. 497; Sprague v. Bartholdi Hotel Co., 68 Hun, 555, 22 N. Y. Supp. 1090; Lincoln v. N. Y. C. & H. R. R. et al., 121 N. Y. Supp. 1.

Where the complaint in an action in the City Court of the City of New York is dismissed, with costs, solely through the fault of the plaintiff himself, and not through the fault of his attorney, the non-payment of such costs operates as a stay of proceedings in a subsequent action brought by the plaintiff in the Supreme Court to recover upon the same cause of action. Ingrosso v. B. & O. R. R., 105 App. Div. 494, 94 N. Y. Supp. 177. I cannot see any distinction between costs on a motion and costs in an action, for where the costs of a motion in an action are directed to be paid, all proceedings on the part of the party required to pay the same—except to review or vacate the

order—are stayed, without further direction of the court, until the payment thereof. Code Civ. Proc. § 779. The same rule should be applied to the payment of costs in an action where another action is commenced between the same parties to recover upon the same cause of action. Indeed, such rule has been applied in numerous cases as far back as Cuyler v. Vanderwerk, 1 Johns. Cas. 247; Perkins v. Hinman, 19 Johns. 237; Edwards v. Ninth Ave. R. R., 22 How. Prac. 444; Richards v. White, 27 How. Prac. 155; Spaulding v. Am. Wood Board Co., 58 App. Div. 315, 68 N. Y. Supp. 945; Barton v. Speis, 73 N. Y. 133. The same has been held as to costs of an appeal from an order. "Costs of a motion are stayed until paid." Wasserman v. Benjamin, 91 App. Div. 547, 86 N. Y. Supp. 1022; Hunt v. Sullivan, 79 App. Div. 119, 79 N. Y. Supp. 708.

The defendant, having successfully defended the prior action, is entitled, before he is put to the trouble and expense of defending this one, to receive such indemnity as the costs of the former action will afford. The motion was made promptly and before an answer was interposed. The cause of action set forth in the Municipal Court and the one stated in the complaint in this court are precisely the same, and no claim is made that the action in the Municipal Court was dismissed for a fault other than the plaintiff's.

The motion should be granted, with $10 costs, and the defendant may have six days' time to answer after the plaintiff has complied with the order to be entered herein. Settle order on one day's notice.