WOLFE v. BLUE RIBBON AUTO & CARRIAGE CO. (No. 7491.)

(Supreme Court, Appellate Division, First Department. June 18, 1915.)

1. ACTION ⊙⟳69—STAY OF PROCEEDINGS—OTHER ACTION PENDING.

Where one who had, while residing in another state, been nonsuited in two actions against the same defendant in that state, thereafter brought another action for the same cause in New York, the proceedings therein will not be stayed because of an injunction issued by the courts of the other state against the further prosecution of any action, where plaintiff claimed that he was now a resident of New York, and that the injunction had never been served on him in the other state, since those two issues of fact ought not to be decided on affidavit, but can be raised by the answer as a bar to the action and determined at the trial.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. ⊙⟳69.]

2. COSTS ⊙⊃277—REMEDIES FOR COLLECTION—STAY OF SUBSEQUENT PROCEED-
      INGS.

    A subsequent action for the same cause against the same defendant will
be stayed until the costs awarded against the plaintiff in the prior action
are paid, though the prior action was brought in another state.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec.
Dig. ⊙⊃277.]

Appeal from Special Term, New York County.

Action by John Wolfe against the Blue Ribbon Auto & Carriage
Company. From an order denying defendant's motion to stay fur-
ther proceedings in the action, the defendant appeals. Reversed, and
motion granted, until the costs in a former action are paid.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

William L. O'Brion, of New York City, for appellant.

Rufus M. Overlander, of New York City, for respondent.

SCOTT, J.   The plaintiff, then a resident of Connecticut, sued the
defendant, a Connecticut corporation, in two successive actions in that
state, for an injury suffered in Connecticut. He was nonsuited in both
actions, and a judgment was entered against him for costs, which have
not been paid. After he had been nonsuited in his second action in
Connecticut, plaintiff came into this state, and, as he claims, became a
resident here, and thereupon commenced this action for the same
cause of action upon which he had so unsuccessfully sued in Connecti-
cut. As soon as this action had been commenced, defendant began an
action against plaintiff in the Supreme Court of the state of Connecti-
cut, and obtained an injunction restraining plaintiff herein from com-
mencing any further action against defendant upon said claim. This
injunction, it is said, was served upon plaintiff in the state of Connecti-
cut, although he denies that it was so served. Defendant now moves
that all proceedings on the part of plaintiff in this action be stayed until
the injunction order issued in Connecticut be vacated or set aside, and
until plaintiff pays to defendant the costs awarded in the action in
Connecticut. From an order denying this motion defendant appeals.

[1] So far as concerns that branch of the motion which asks that
plaintiff's proceedings be stayed until the Connecticut injunction be
vacated or set aside, we think that under the circumstances the denial
was justified. There are two questions of fact involved which we
should not undertake to decide upon the affidavits, to wit, whether
plaintiff was a resident of this state or of Connecticut when he be-
gan this action and the injunction order was served in Connecticut,
and whether in fact that injunction order was ever served on him. If
plaintiff was a nonresident of this state when he commenced this ac-
tion, that fact can be pleaded by answer, as can the effect of the Con-
necticut injunction order, if it be in law a bar to plaintiff's prosecu-
tion of the present action.

[2] We think, however, that the motion should have been granted
to the extent of staying further proceedings until the payment of the
costs incurred in the Connecticut action. It has been the practice of

⊙⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the courts for many years to require a plaintiff, who has unsuccessfully sued upon a cause of action and incurred a bill of costs, to pay those costs before prosecuting a second suit against the same defendant upon the same cause of action. This is to afford a successful defendant such indemnity against further annoyance for the same cause as the costs of the former action will furnish. Ingrosso v. Balt. & Ohio R. R. Co., 105 App. Div. 494, 94 N. Y. Supp. 177. The application of the rule is not confined to actions commenced in the same court (Perkins v. Hinman, 19 Johns. 237; Jackson v. Carpenter, 3 Cow. 22), and is supported by the same reason where the successive actions are brought in different states as where they are brought in different courts in the same state.

The order appealed from must be reversed, and the motion granted, to the extent above indicated, with $10 costs and disbursements to appellant. Settle order on notice.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur. INGRAHAM, P. J., concurs in result.