(93 Misc. Rep. 496)

### WETZEL v. BARHITE.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. COURTS &ctdot;190—MUNICIPAL COURTS—SUMMONS—INDORSEMENT.

 As Municipal Court Code (Laws 1915, c. 279) §§ 19, 78, require a summons without a complaint to be indorsed with a statement of the nature and substance of plaintiff's cause of action, it will be presumed that a moving affidavit to stay proceedings, in an action begun by summons without complaint until payment of costs awarded in a prior action between the same parties for the same cause, was based on the required indorsement on the summons.

 [Ed. Note.—For other cases, see Courts, Dec. Dig. &ctdot;190.]

2. COSTS &ctdot;277—STAY OF PROCEEDINGS—PAYMENT OF COSTS.

 It is the duty of a court to stay trial until costs of a prior action for the same cause are paid, though such cause was first instituted in another court; it being for the public interest to diminish interminable litigation.

 [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. &ctdot;277.]

3. COSTS &ctdot;277—MUNICIPAL COURT—STAY OF ACTION.

 Under Municipal Court Code, § 15, making the Municipal Court a court of record, and giving it, except as otherwise provided, the practice, pleadings, form, and procedure of the Supreme Court the Municipal Court may

---

&ctdot;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stay a cause of action for nonpayment of costs of a prior action in another court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. ☞277.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles Wetzel against William E. Barhite. From an order staying proceedings until payment of costs awarded in a prior action between the same parties in the Supreme Court, plaintiff appeals. Appeal dismissed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

R. J. Imperatori, of New York City (Jacob J. Alexander, of New York City, of counsel), for appellant.

C. E. Sutherland, of New York City, for respondent.

GUY, J. [1] The complaint in the Supreme Court action shows that it was an action to recover for broker's commissions. Defendant's attorney's moving affidavit, made after the service of the summons, alleges that this action is for the same cause, viz., to recover for the identical broker's commissions. Plaintiff's answering affidavit does not deny this. A summons without a complaint is required to be indorsed with "a statement of the nature and substance of the plaintiff's cause of action." Municipal Court Code, §§ 19 and 78. We must assume that the moving affidavit is based upon the required indorsement upon the summons. Plaintiff has neglected to include the summons in the return. He who asserts that his own pleading is defective must prove it, as error is no longer presumed, but must be proved.

[2] In the former District Courts trials were stayed for the nonpayment of costs of prior actions, just as they would have been in the Supreme Court. Flewelling v. Brandon, 4 Daly, 333, 334; Lewis v. Davis, 8 Daly, 185, 187, 188. The right and duty to stay a trial until the costs of a prior action for the same cause are paid does not depend upon those costs being awarded by the same court in which the later action is brought. Singer v. Garlick, 123 App. Div. 282, 283, 107 N. Y. Supp. 972; Weil v. Manheim, 66 Misc. Rep. 566, 568, 121 N. Y. Supp. 1114. Stays for nonpayment of costs of prior actions are salutary, because it is for the public interest to diminish interminable, groundless litigation. Conlon v. Nat. Fireproofing Co., 128 App. Div. 271, 112 N. Y. Supp. 652.

[3] There is nothing in the present Municipal Court Code which changes this salutary rule of the Supreme Court and District Court practice. One of the defects of the Municipal Court Act, which the present Code replaced, was that subdivision 15 of section 1 thereof excluded power to stay for nonpayment of costs of a prior action. McKown v. Oppenheimer, 60 Misc. Rep. 99, 100, 111 N. Y. Supp. 609; Goldman v. Brooklyn Heights R. R. Co., 129 App. Div. 657, 658, 114 N. Y. Supp. 182. By making the Municipal Court a court of record, and giving it, "except as otherwise provided * * * the practice, pleadings, forms and procedure * * * in the Supreme

Court" (Municipal Court Code, § 15), the salutary Supreme Court and District Court practice of staying trials for the nonpayment of costs has been restored.

Appeal dismissed, with $10 costs. All concur.